HORACE HURD *vs.* ELISHA HUBBELL.

The rule of damages in an action of trover is, the value of the property at the time of the conversion, with interest. The jury are not at liberty to give additional damages in consideration of the *plaintiff's trouble and expenses* incurred in the prosecution of his suit.

TROVER. Upon the trial the plaintiff claimed to have proved that the property had been left by him in the hands of one Hector, upon an agreement that it should become the property of Hector upon the payment by him of a certain note, and not before; that Hector afterwards, before payment of the note, and while the property belonged to the plaintiff, transferred it to the defendant, who converted it to his own use; and that the defendant took the property with knowledge of the plaintiff's rights, and for the purpose of enabling Hector to defraud the plaintiff. Thereupon, in accordance with the request of the plaintiff, the court instructed the jury that if they should find for the plaintiff, and should find the facts in relation to the manner and purpose of the taking of the property by the defendant to be as claimed by the plaintiff, and should find that the plaintiff, by the willful misconduct of the defendant, had been compelled to incur the trouble and expense of this litigation, they might on that account give such further damages, in addition to the value of the property and interest, as they might deem reasonable. The jury returned a verdict for the plaintiff, for a sum exceeding the value of the property and interest; and thereupon the defendant moved for a new trial for error in the charge of the court.

*Dutton* and *Watrous*, in support of the motion.

*H. B. Munson*, contra.

ELLSWORTH, J. The question presented in this case is, what is the true rule of damages in the action of trover. We have so recently presented our views on this subject, and on the subject of damages in all actions of tort, in the case of *St. Peter's Church of Milford* v. *Beach*, (ante, p. 355,) that we need not dwell on the topic farther. We there held, that in such an action as this, the value of the property and interest is the rule of damages, and that the expenses of litigation, not being the natural and proximate consequences of the conversion, are not to be recovered.

Hurd *v*. Hubbell.

Besides, we have always understood that the rule of damages in this kind of action, is the value of the property at the time of conversion, and interest. It has been so from the first, in our courts, and in the English courts with a slight qualification in the case of sales of chattels where the price is paid in advance, and in that of contracts for the delivery of stock.✱ The rule is the same throughout this country. Sedgw. on Dam., 273. *Kennedy* v. *Whitwell*, 4 Pick., 466. *Sargent* v. *Franklin Ins. Co.*, 8 id., 90. *Pearce* v. *Benjamin*, 14 id., 356. *Park* v. *Boston*, 15 id., 208. *Clark* v. *Whitaker*, 19 Conn., 319. *Curtis* v. *Ward*, 20 id., 205. *Angier* v. *Taunton Paper Mfg. Co.*, 1 Gray, 621. 2 Greenl. Ev. § 276. As the court laid down a different rule on the trial of this case before the jury, we advise a new trial.

In this opinion the other judges concurred.

New trial advised.

✱ Not true. The rule is different in at least N.Y., Wise., S.C., Fla., Cal.