———o———

JOSHUA R. SAUNDERS,Respondent,*vs.* JACOB BROSIUS, Appellant.

1. *Practice Civil, pleadings—Allegations—Damages—Remoteness.*—Where in a petition for conversion of a carpet bag containing plaintiff's clothes, plaintiff as one cause of action, alleged that in consequence of such conversion, he, a laboring man, was compelled to work in unsuitable clothes, which were damaged thereby. *Held,* that such an allegation could only be made and proved as special damages under the count for conversion, and such damages were too remote.

*Appeal from Common Pleas Court of Daviess County.*

*James McFerran,* for Appellant.

The facts stated in the second count of the petition do not constitute a substantive cause of action, they could only be considered as to the measure of damages, but such damages were too remote. (Douglas vs. Stephens, 18 Mo., 366.)

*Joshua F. Hicklin,* for Respondent.

VORIES, Judge, delivered the opinion of the court.

The respondent in this action brought his suit against the appellant, in the Daviess Court of Common Pleas, to recover for the conversion of certain goods in the petition named.

The petition had two separate counts, by the first of which it is stated that the defendant was the proprietor and keeper of a tavern or hotel and house of public entertainment in the town of Hamilton, in Caldwell County. That on the 11th of April, 1868, the plaintiff, who was then a traveler passing through said town, put up and stayed all night at said Hotel. That at the time he stopped at said Hotel, he left and placed in the care of defendant, a valise or carpet bag containing articles of clothing which are set forth; that after plaintiff had stayed all night at said house, he in the morning paid all charges against him, and demanded of defendant his said carpet bag, but that said defendant wholly failed and refused to deliver the same to plaintiff, and that he has ever since failed and still fails to deliver the same to plaintiff, or any of the contents thereof. The petition then states the value of the said carpet bag and articles of clothing to be $71 dollars, and asks judgment for said sum.

In a second count in said petition it is stated for a further cause of action, that at the time aforesaid in the year 1868, plaintiff was a poor man, and was compelled to do manual labor for a livelihood; that all of the wearing apparel suitable for labor, belonging to plaintiff, was among the articles contained in the carpet bag aforesaid, which was and is wrongfully held and detained by defendant. That because of said want of clothing, he was compelled to labor in clothing that was unsuitable, and intended for a different purpose, which defendant well knew; that plaintiff had been at great trouble and expense in going a long distance, to and from said hotel, for the purpose of obtaining the carpet bag aforesaid, and for the reasons herein as stated, he claims damages in the sum of forty-five dollars.

To this petition, defendant filed an answer by which he denies all of the material allegations of the petition.

The defendant then, by way of a special defense to the peti-

tion, admits that plaintiff was his guest as charged in the petition, but charges that on the morning when plaintiff left his house, he without leave of defendant, and wrongfully, went into the baggage room of defendant's hotel, and took and carried away therefrom a carpet bag of the value of twenty-five dollars, which was the property of Oliver Bucan, who was then a guest of defendant, and left the carpet bag sued for in the baggage room of defendant's hotel; in consequence of which negligence, and wrongful act of plaintiff, defendant was compelled to pay said Bucan twenty-five dollars for the carpet bag so wrongfully taken by plaintiff; shortly after this plaintiff informed defendant that the said carpet bag, so belonging to said Bucan had been lost or destroyed. That it was then agreed by and between plaintiff and defendant, that defendant should hold and retain the carpet bag sued for, until plaintiff paid the defendant the sum of twenty-five dollars which had been advanced and paid by defendant to said Bucan, which plaintiff then agreed to pay within ten days. That plaintiff failed to pay said sum or any part thereof; that defendant was ready and willing to deliver plaintiff his said carpet bag as soon as said sum should be paid. That in consequence, of the failure of plaintiff to so pay said sum, and receive his property, the said carpet bag and its contents became mouldy and worthless, by all of which defendant says he has been damaged in the sum of twenty-five dollars, which he prays may be recouped against any demand that plaintiff may have against him, and that he may have judgment, &c.

A replication was filed by plaintiff denying the allegations set forth in this last defense.

A trial was had on the issues thus made by a jury, each party introduced evidence tending to prove his part of the case, and during the introduction of the evidence, the plaintiff offered under the second count in his petition, to prove that plaintiff was a poor man, and that in consequence of defendant's refusal to deliver him his carpet bag and clothes, he was compelled to wear and spoil a fine suit of clothes, while at work, to which said clothes were unsuited, and that the said

costly clothes were thereby spoiled, &c. To this evidence the defendant objected, because said second count set up no cause of action against defendant, and because the damages attempted to be proved, were too remote and not recoverable in the action. The court overruled the objection and admitted the evidence, to which ruling the defendant excepted.

After the evidence was closed the court, at the request of the plaintiff, gave the jury some eight or nine instructions, to which defendant objected and excepted. The defendant then moved the court to give the jury eleven instructions, all of which were refused but one, to which defendant again excepted.

The jury returned a verdict against the defendant, on each count of the petition. The verdict on the first count, being for the alleged value of the carpet-bag and clothes as charged in the petition, $71.00 and upon the second count $20.

The defendant then filed his several motions for a new trial and in arrest of the judgment; the said motions each being overruled, the defendant excepted and appealed to this court.

It is not necessary for the purposes of this case, that I should notice the various instructions given on the part of the plaintiff and refused on the part of the defendants.

The only questions necessary to notice grow out of the evidence offered to prove the allegations set up in the second count of the petition, that is, that plaintiff was poor and unable to buy clothing, and that by the defendants having detained his carpet-sack and clothing, he was compelled to perform work in a fine cloth suit of clothes, when cheaper ones would have been better suited for the purpose, and that he was thereby damaged, &c.

I think the damages sought to be proved by said evidence were too remote and not recoverable in this action, and that the evidence was therefore improperly admitted.

The court also gave the jury the following instruction, predicated upon this evidence. "If the jury believe from the evidence that on and after the time the carpet bag was detained

by the defendant, the plaintiff was a poor man and did manual labor for a livelihood, and that he was wholly unable to supply himself with suitable clothes to so work, and for want of such clothing, he was compelled to wear out costly clothing, they may allow him such damages, as they believe from the evidence he has sustained, provided they further believe that said carpet bag was deposited with defendant and wrongfully detained by him, and provided further they believe the circumstances and condition of plaintiff were known to defendant."

I think this instruction was clearly wrong—the damages contemplated in said instruction were too remote, and not the direct or natural result of the wrongful act of defendant, (Crain vs. Petrie, 6 Hill, 522; Hurd vs. Hubble, 26 Conn., 389.)

The damages claimed in the second count of the petition, if they could be recovered at all, could only be recovered on the ground that they were the natural and proximate result of the act of detaining and converting plaintiff's goods, and could only be alleged and proved by way of special damages and recovered upon the first count of the petition.

These damages, if they could be called damages, did not form a substantial cause of action upon which a separate action could be brought; they were only incidental to the cause of action stated in the first count. It is not necessary to examine the instructions refused by the court, which were asked by the defendant, but it may be added, that there was some evidence tending to prove that plaintiff wrongfully took the carpet bag of Bucan, which was lost, and that he had agreed to pay for it and pledged the carpet bag sued for as security for the payment of the amount. This view of the case should have been submitted to the jury; some of the instructions refused did present this view and ought to have been given, so that the jury could have passed upon these facts. I therefore think the judgment in this case for the reasons aforesaid ought to be reversed.

The other judges concurring, the judgment of the said court of Common Pleas is reversed, and the cause remanded.