#### AKRILL *vs.* SELDEN and others.

A court of equity will not interfere to restrain a mere trespass, when the injury is not irreparable, and destructive of the plaintiff's estate, but is susceptible of pecuniary compensation.

Unless the injury will be irreparable the court will leave the party to his remedy at law.

And there is the same reason why a court of equity should not interfere by restoring the complainant to the possession of premises in the occupation of the defendant, viz. that he has an adequate remedy at law.

If a court of equity should think it expedient to interfere, on the ground that there is not a sufficient legal remedy, it ought to do so by a direct decree to that effect, and not by an injunction issued at a preliminary stage of the cause, the indirect effect of which would be to compel the defendant to give up the possession to the complainant.

In Equity. Application by the complainant for an injunction, and for an order to show cause why an attachment should not be issued for a violation of an order to show cause against an injunction. The bill was founded upon an agreement be-

tween the parties respecting certain manufacturing works, which agreement the defendants insisted was a mere contract of hiring, and that it did not give to the plaintiff the right to the possession of the property. The motion was made previous to a decree in the cause establishing the rights of the parties, and while the defendants were in possession of the premises; and the injunction asked for was one which should direct the defendants to yield up the possession of the premises to the plaintiff.

*A. Thompson,* for the defendants.

*C. Edwards,* for the plaintiff.

EDWARDS, J. The complainant alleges that he was not in possession of the works mentioned in his agreement, at the time of filing his bill; but that, on the contrary, the defendants were in possession, claiming title, and alleging that the complainant had forfeited his right to the use of the works, by reason of a breach of his agreement. The question then is, not whether this court will, by the process of injunction, restrain an interference with the complainant's possession; but whether it will grant an injunction, the indirect effect of which will be to reinstate him in his possession. It is well settled, in this state, that a court of equity will not interfere to restrain a mere trespass, when the injury is not irreparable, and destructive of the plaintiff's estate, but is susceptible of pecuniary compensation. (*Stevens* v. *Beekman,* 1 *John. Ch.* 318. *Jerome* v. *Ross,* 7 *Id.* 315. *Hart* v. *Mayor, &c. of Albany,* 3 *Paige,* 213; 9 *Wend.* 571, *S. C.*)

Unless the injury will be irreparable, the court will leave the party to his remedy at law. There is the same reason why this court should not interfere by restoring the party to possession; that is, that he has an adequate remedy at law. But if this court should think it expedient to interfere, on the ground that there is not a sufficient legal remedy, it ought to do so by a direct decree to that effect, and not by an injunction issued at a preliminary stage of the cause, the indirect effect of which

would be to compel the defendants to give up the possession to the complainant.   The case of *Lane* v. *Newdigate*, (10 *Ves.* 192,) has not received the sanction of the court of chancery in England in its subsequent adjudications.   But on the contrary, that court has declined to exercise its power through the medium of an injunction, to compel a party to do an act, by restraining him, or as was done by Lord Eldon, in the case of *Lane* v. *Newdigate*, by making it "difficult" for him to do the contrary. (*Blakeman* v. *The Glamorganshire Canal Navigation*, 1 *Mylne & Keene*, 158.   *Decre* v. *Guest*, 1 *Mylne & Craig*, 516.)   The rule laid down in these cases is the only safe one upon which a court of equity can act.

The next question is, whether there is sufficient ground for making an order to show cause why an attachment should not issue for the alleged breach of the preliminary order.   It does not appear that the parties have done any thing to change the situation in which they were at the time of the making of the order.   It was not intended by me to make an order which should have the effect of restoring the complainant to possession, but I meant merely to compel the parties to remain *in statu quo*, till the decision upon the motion for an injunction.   The motion for an order to show cause, and also the motion for an injunction, must be denied.   Costs to abide the event.

Same Term.   *Edwards*, Justice.