### GEORGE O. JACKSON vs. DAVID B. EMMONS.

New London Co., Oct. T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS, SEYMOUR and TORRANCE, Js.

A defendant in a suit on a replevin bond, where a breach is admitted or shown, may prove the real amount of the damages which the plaintiff has suffered to be less than the value of the property.

[Argued October 21st—decided November 17th, 1890.]

ACTION on a replevin bond; brought to the Court of Common Pleas of New London County, and tried to the court before *Crump, J.* Facts found and judgment rendered for the plaintiff to recover ten dollars damages. The plaintiff appealed. The case is fully stated in the opinion.

*C. W. Comstock,* for the appellant.

*A. Brandegee* and *W. C. Noyes,* for the appellee.

ANDREWS, C. J. This is a complaint brought to recover

damages for the breach of a replevin bond. The present defendant brought an action of replevin against the present plaintiff and caused to be replevied out of his hands one sorrel horse, one bay horse, one dark chestnut colored horse, and one team wagon, and gave a replevin bond in the sum of six hundred dollars that he would prosecute his suit to effect and pay any judgment that should be recovered against him; and that he would return the chattels replevied under said writ and pay all the damages sustained by the replevy thereof in case he failed to establish his right to the possession of the same in the suit. That action was returnable to the Superior Court in Middlesex County. Before the trial the then plaintiff (present defendant) amended the complaint by striking out the bay horse, the chestnut horse and the team wagon. Upon the trial he recovered judgment that he retain possession of the sorrel horse, and also for one dollar damages and his costs of suit. No judgment whatever was rendered as to the bay horse, the chestnut horse or the team wagon, and that property has never been returned to the present plaintiff. In the replevin writ and in the affidavit the value of the bay horse is stated to be fifty dollars, of the chestnut horse fifty dollars, and of the team wagon fifty dollars. In this suit the plaintiff did not claim to have suffered any damage other than that arising from the non-return of this property. The defendant admitted his liability to nominal damages and offered evidence in mitigation of all damages beyond nominal. To such evidence the plaintiff objected, but the court admitted it.

Jackson, the present plaintiff, was a deputy sheriff, and had in his hands an execution in favor of one Beebe against one Charles Williams, which execution he had levied on the chattels replevied as being the property of Williams, and had taken them out of the possession of Emmons, (the present defendant,) who claimed to hold them as the administrator of Jonathan Williams. The evidence offered by the defendant and objected to by the plaintiff tended to show that the property so levied upon did not belong to Charles Williams at all, but was the property of the defendant as

such administrator, and that the plaintiff had suffered no damage by reason of the non-return thereof to him, because, if it had been returned to him, he would have been obliged at once to surrender it to the defendant as a part of the estate of the said Jonathan Williams.   The facts are set out in the finding at considerable length.   On all the evidence the trial court rendered judgment for the plaintiff to recover nominal damages only.   The plaintiff appeals to this court.

There are twelve reasons of appeal.   As to the second and tenth it is sufficient to say that, in respect to the property now in question, there has never been any judgment, and that the transaction could not be *res adjudicata*.   As to the fourth reason, none of the elements of an estoppel are found to exist.   All the other reasons may be resolved into one question :—May a defendant in a suit on a replevin bond, where a breach is admitted or shown, prove the real amount of the damages which the plaintiff has suffered to be less than the value of the goods ?   We understand this question to be settled in the affirmative by repeated decisions in this and other states.   *Green* v. *Barker*, 14 Conn., 431 ; *Allen* v. *Woodford*, 36 id., 145 ; *Vinton* v. *Mansfield*, 48 id., 474 ; *Jones* v. *Smith*, 79 Maine, 452 ; *Leonard* v. *Whitney*, 109 Mass., 265 ; 2 Sedgwick on Damages, 7th ed., 440, and note.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.