## CEPHAS C. DILLS *vs.* JOHN F. DOEBLER, JR.

Hartford Dist., Oct. T., 1892. ANDREWS, C. J., CARPENTER, SEYMOUR,
TORRANCE and FENN, Js.

The defendant had agreed with the plaintiff not to practice dentistry for
ten years within fifteen miles of the city of Hartford, but with a
provision that he might do so on paying the plaintiff one thousand
dollars. Held that a court of equity would not grant an injunction
against the defendant's practice of dentistry within that limit, but
would leave the plaintiff to his action at law for the recovery of the
thousand dollars.

And held that it made no difference that the defendant was insolvent.

It is the contract itself which gives to or takes away the jurisdiction of
the court, and not the pecuniary condition of the defendant.

A court of equity cannot exercise jurisdiction to grant an injunction against
the violation of a contract, unless the injury apprehended is of such
a nature as not to admit of adequate damages at law.

[Argued October 5th—decided November 21st, 1892.]

SUIT for an injunction; brought to the City Court of the
city of Hartford, and heard before *Markham, J.* Facts
found and judgment rendered for the plaintiff, and appeal
by the defendant. The case is fully stated in the opinion.

*G. G. Sill*, for the appellant.

*T. E. Steele*, for the appellee.

ANDREWS, C. J. The plaintiff and defendant in June,
1890, entered into a contract for the lease of certain rooms
in the city of Hartford and the practicing of dentistry there-
in, the eighth paragraph of which contained these clauses :—

" And the said Doebler, in consideration of the premises,
does further covenant and agree to and with the said Dills,
that he, the said Doebler, will not, at any time within ten
years after the termination of this contract, engage in or
carry on directly or indirectly within the limits of fifteen
miles of said Hartford, the business or profession of a den-
tist, or any branch of the same, either as principal, employee,

agent or partner, or in any manner or form or in any capacity whatever:—provided, and it is hereby understood and agreed by and between the parties hereto, that in the event of the said Dill's failure to retain said rooms for said practice by reason of the said Dills-Hinckley lease, then and in that event this section of the contract becomes void by said Doebler paying to said Dills five hundred dollars, and giving bond in like sum that he, the said Doebler, will not use the term 'Associate Dentists' in connection with announcing or advertising a future practice of dentistry in said Hartford. * * * And it is further mutually understood and agreed by and between the parties hereto that the said Doebler may be at liberty to practice dentistry in said Hartford at any time after the termination of this contract, by the paying to said Dills of one thousand dollars, and giving such bond as is hereinbefore alluded to in reference to the term 'Associate Dentists.'"

The contract was lawfully terminated on the 19th day of April, 1892. Since that time the defendant has opened a dentist office in the city of Hartford and has been engaged in the business of dentistry there on his own account. He has not paid the one thousand dollars nor any part of it to the plaintiff, and has refused so to do, nor has he given the bond mentioned in the contract. It did not appear that he had used or attempted to use the term "Associate Dentists" in connection with announcing or advertising such business, or that he threatened to do so. The plaintiff complained to the City Court in Hartford, praying that the defendant be enjoined, and that court granted an injunction against him, his servants and agents, commanding him and them that they should not be engaged in or carry on directly or indirectly within the limits of fifteen miles of the city, the business or profession of a dentist, for the period of ten years from the 18th day of April, 1892.

The defendant has appealed to this court, and assigns two reasons of appeal. The first is in general terms, that the contract is inequitable, unreasonable and unfair. The second that "the plaintiff had adequate remedy at law in

the premises, as said contract specified and fixed upon a sum certain as liquidated damages to be recoverable by the plaintiff from the defendant for the very act complained of by the plaintiff in this case." We consider only the latter reason.

The universal test of the jurisdiction of a court of equity to restrain the breach of a contract is the inadequacy of the legal remedy of damages. An injunction to prevent the breach of a contract is a negative specific enforcement of that contract. And the jurisdiction of equity to grant such an injunction is substantially coincident with its jurisdiction to compel a specific performance by an affirmative decree. In either case a court of equity cannot exercise jurisdiction unless the injury apprehended from a violation of the contract is of such a nature as not to be susceptible of adequate damages at law. Pomeroy's Eq. Jur., § 1341 ; High on Injunctions, § 695 ; *Morris Canal & Banking Co.* v. *Society for Manufactures*, 5 N. Jer. Eq., 203 ; *Akrill* v. *Selden*, 1 Barb., 316.

When the parties to an agreement have put into it a provision for the payment, in case of a breach, of a certain sum of money, which is truly liquidated damages and not a penalty ; in other words, when the contract stipulates for one of two things in the alternative, or on the one side the doing or the not doing of certain acts, and on the other the payment of a certain sum in money in lieu thereof, equity will not interfere, but will leave the party to his remedy of damages at law. *Shiell* v. *McNitt*, 9 Paige, 101 ; *Skinner* v. *Dayton*, 2 Johns. Ch., 526, 535 ; Pomeroy's Eq. Jur., § 447. The case turns on the construction to be given to the contract. If the defendant has agreed not to engage in the business of dentistry in Hartford for the term of ten years under a penalty of $1,000 for a breach, equity will restrain him ; for a penalty is merely a security for the performance of the contract, and is not the price for doing what a man has expressly agreed not to do. But if on the other hand the true interpretation of the agreement is that the one thousand dollars was intended to be liquidated damages,

Dills *v.* Doebler.

then the court should not interfere by injunction, because the plaintiff has his complete remedy at law, and this mainly on the ground of the nature of the contract. In determining the question whether in a given case the sum named is a penalty or liquidated damages, courts give but little weight to the mere form of words, but gather the intent from the general scope and purport of the contract; and as it is difficult to estimate damages from the breach of a contract the subject matter of which is the carrying on of a business, the current of authorities is to treat the sum named as liquidated damages rather than as a penalty. *Ropes* v. *Upton*, 125 Mass., 258.

An examination of the agreement between these parties makes it evident that they were contracting upon the theory that the defendant was to resume the practice of dentistry in Hartford upon his own accord when the contract should be terminated. He was of course to pay for the right so to resume. The section quoted in its earlier part spoke of a termination of the contract by reason of the failure of the plaintiff's title to the rooms. In such event it is entirely certain that the defendant would have the right to engage in dentistry upon paying four hundred dollars, for it is provided that the section was then to become void. The latter part of the section speaks of the termination of the contract from any other cause. Then the defendant is required to pay one thousand dollars in order "to be at liberty to practice dentistry in said Hartford." In the one case the defendant was to pay four hundred dollars, in the other one thousand. But in respect to his liberty to resume business on his own account there is no distinction. In either case the contract stipulates for damages and not for the removal of competition. The contract presents an alternative. It virtually says to the defendant—"If you enter into the business of dentistry in Hartford after the termination of this agreement, you must pay to the plaintiff the damages named."

. The language used indicates this thought; and there is nothing in the relation of the parties, or in the business of dentistry, nor in the surrounding circumstances, to indicate

otherwise. Presumably there are many dentists in the city of Hartford. Lessening their number by one could not benefit the plaintiff in any perceptible degree. Nor would the defendant by practicing there be likely to injure the plaintiff at all seriously. The plaintiff having contracted to take damages must seek his remedy in a court of law.

The brief of the plaintiff's counsel suggests that the defendant is insolvent and that the plaintiff could not collect the damages if he should obtain a judgment therefor. There is no finding to that effect. And if it were so, that fact could not give to a court of equity the right to issue an injunction. It is the contract itself which gives to or takes away from the court its jurisdiction; not the wealth or poverty of the party defendant. *Nessle* v. *Reese*, 19 Abbott's Pr. Reps., 240; *S. C.*, 29 Howard's Pr. Reps., 382.

As the defendant has not attempted to use the term "Associate Dentists," there is no occasion to consider that feature of his contract.

The judgment of the City Court is erroneous and it is reversed.

In this opinion CARPENTER, TORRANCE and FENN, Js., concurred; SEYMOUR, J., concurred in the result, but died before the opinion was written.