Fielding v. Silverstein.

---

WILLIAM C. FIELDING *vs.* SOLOMON SILVERSTEIN.

First Judicial District, Hartford, May Term, 1898. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Judgment for a return of the property, authorized by statute to be rendered upon the withdrawal of a replevin suit, does not involve any adjudication of the title to such property, nor estop the surety in the replevin bond, when sued thereon, from proving, in mitigation of damages, that his principal in fact owned the property replevied but not returned in compliance with the judgment.

As tending to prove that certain goods attached and replevied were the same goods bought by the plaintiff in replevin from a trustee in insolvency, the defendant offered in evidence a certified copy of the

inventory of the insolvent estate and one of the several schedules referred to therein. *Held* that the evidence was properly admitted.

[Argued May 6th—decided June 1st, 1898.]

ACTION upon a replevin bond, brought to the Court of Common Pleas for Hartford County and heard in damages to the court, *Case, J.;* facts found and judgment rendered for the plaintiff for nominal damages only, and appeal by him for alleged errors in the rulings of the court. *No error.*

The plaintiff in January, 1897, attached four cases of clothing, by virtue of a writ directing him to attach the goods of one B. Wilenski, in a suit in which A. S. Richardson & Brother were plaintiffs, and said Wilenski was defendant. While said four cases of clothing were in the possession of Fielding by authority of said attachment, they were taken from his custody by virtue of a writ of replevin, brought by one Lemenski, who gave the usual replevin bond together with Silverstein, the defendant in this action, as surety. Richardson & Brother obtained a judgment in the action against Wilenski. After the replevin suit had been returned to court Lemenski, the plaintiff therein, appeared in court and withdrew the action; and judgment was thereupon rendered for the return of said property to the defendant, Fielding, and for the defendant to recover his cost. The costs of suit were paid by Lemenski, but he refused to return the property to Fielding in accordance with said judgment, and this action was thereupon brought against the surety, Silverstein, for breach of said replevin bond.

The answer to the complaint alleged that the four cases of goods replevied were at the time of the attachment the sole property of Lemenski, and that the plaintiff had suffered no actual damage on account of the failure of Lemenski to return the same. To this answer the plaintiff demurred, on the ground that the court in the replevin suit having passed a judgment ordering the goods replevied to be returned to the one from whom they were taken, the defendant had the alternative of obeying or refusing to obey such order; having chosen to disobey, he forfeited his bond and his surety

cannot attack the judgment by collateral methods. This demurrer was sustained.

The defendant then suffered a default. The court assessed the damages at the sum of one dollar. Upon the hearing in damages the defendant offered evidence to prove, in mitigation of damages, that the title to the goods in question was not in Wilenski at the time of their attachment by Fielding, but that the title, as well as the right to the possession, of said goods was in Lemenski. To the admission of this evidence the plaintiff objected, on the ground that the title to the goods had been settled in the replevin suit; that proof of title in a third party tended to impeach that judgment, and that the judgment of return estopped the defendant from showing a different title in the action on the bond. The court overruled the objection, admitted the evidence, and the plaintiff duly excepted.

As a part of his general line of proof to show Lemenski's title at the time of atttachment in January, 1897, the defendant offered evidence to show that Wilenski, at one time a retail dry goods dealer, made an assignment in insolvency in May, 1896; that the goods in question were turned over to the trustee of his insolvent estate, inventoried and appraised as a part of said estate, and by said trustee conveyed for a valuable consideration by written bill of sale to said Lemenski, on June 17th, 1896. As a part of his chain of proof and for the purpose only of identifying the goods purchased of the trustee with the goods attached, the defendant offered in evidence a duly certified copy of the inventory of the insolvent estate; that evidence was admitted against the plaintiff's objection. The plaintiff also objected to the admission of the evidence, on the ground that the inventory referred to schedules A, B, C, D, E, F, and G, and the certified copy included only schedule E. This schedule E contained a list of overalls, coats and jumpers, of the value of $28.44. The defendant claimed that schedule E contained that part of the identification he considered necessary to the case. The court said: "As a part of your line of proof, I cannot say that it has no bearing. I will admit it for the purpose which you ask."

To these rulings the plaintiff duly excepted. The other schedules referred to in the inventory were not offered in evidence at any subsequent stage of the case, but evidence was offered in description of the precise contents of the said four cases of clothing, and other evidence was offered by the defendant for the purpose of identifying said contents as a part of the goods conveyed by the trustee in insolvency to Lemenski. It further appeared upon the trial that a part of the goods contained in the said four cases were overalls, coats and jumpers.

The errors assigned in the appeal are: " 1. That the evidence of title to the replevied goods was inadmissible, as it tended to impeach the judgment in the replevin suit, and the defendant was estopped from showing a different title, by a judgment of return in said action of replevin. 2. That the inventory in its incomplete and partial form was no proper evidence of the title to the replevied goods, and was inadmissible in the condition presented to the court."

*J. Gilbert Calhoun*, for the appellant (plaintiff).

*Noble E. Pierce* and *William H. Leete*, for the appellee (defendant).

HAMERSLEY, J. The trial court properly admitted evidence to prove, in mitigation of damages. that the title to the goods in question was, at the time of their attachment, in Lemenski, the plaintiff in the replevin suit.

The condition of a replevin bond is broken if the plaintiff fails to prosecute his suit to effect; this failure happens when, upon trial, he fails to prove his title; when his writ is abated; when he suffers a nonsuit; when he withdraws his suit; when he neglects to return his writ. In all these cases, unless the last, the court is authorized by statute to render a judgment *de retorno* and for costs. *Persse* v. *Watrous*, 30 Conn. 139, 148. Such judgment is based upon a judicial finding that the plaintiff in replevin has failed to prosecute his suit to effect, and is conclusive upon that fact. In *Orms-*

*bee* v. *Davis*, 16 Conn. 567, the defendant in a suit on the replevin bond pleaded, in bar to the action, ownership of the attached property in the plaintiff in the replevin suit; and the court held that the plea was insufficient; that it impliedly admitted the allegations of the declaration that the writ of replevin had been withdrawn by the plaintiff therein and the judgment *de retorno* rendered; and that this judgment was conclusive as to a cause of action in the suit on the bond. But the court says (p. 575) that the judgment could not estop the defendant from proving title in the replevin plaintiff, if such proof were material, unless the title had been put in issue and adjudicated in the former trial; and this is elementary law.

In a suit on a replevin bond the plaintiff must not only prove his cause of action, *i. e.* a breach of the condition to prosecute the replevin suit to effect (and upon this question a judgment *de retorno* is conclusive), but he must also prove his actual damage; if he has not been damnified in fact, he can recover only nominal damages. Upon this question of damage the ownership of the property replevied may be material, and if so, may be proved by the defendant. *Jackson* v. *Emmons*, 59 Conn. 493. The defendant cannot be estopped from producing such evidence by any judgment, unless it be one rendered in an action between the same parties, wherein the fact sought to be proved, *i. e.* the title to the property, was in issue and adjudicated. The judgment for a return of the property authorized by statute to be rendered upon the withdrawal of a replevin suit, cannot involve any adjudication of the title.

The other claim that the court erred in admitting the copy of the inventory of the insolvent estate, is without merit.

There is no error in the judgment of the Court of Common Pleas.

In this opinion the other judges concurred.