GEORGE E. MCNAMARA *vs.* LORENZO J. MATTEI ET AL.

Third Judicial District, New Haven, June Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

General Statutes, § 933, provides that the bond substituted for an at-
tachment " shall be taken to the plaintiff." *Held* that a complaint
alleging that such a bond was in fact taken to the plaintiff but by
mistake in the memorandum of recognizance appeared to have been
taken to the attaching officer, was not demurrable as showing that
the bond did not comply with the statute.

In an action upon such a bond given to secure the release of a foreign
attachment, evidence that the original defendant had no interest in
the debt sought to be attached is admissible, not, however, in bar
of the action—since the language of the bond estops the obligors
from making that claim—but in mitigation of damages.

Evidence that the obligors supposed and understood they were giving
a bond to protect the garnishee from loss, is not admissible to alter
the effect of the plain language of the instrument.

The cases of *Perry* v. *Post,* 45 Conn. 354 (1877) and *Birdsall* v. *Wheeler,*
58 Conn. 429 (1890), criticised and distinguished.

Argued June 13th—decided September 27th, 1901.

ACTION to reform a recognizance given in substitution of
an attachment, and to recover the amount thereof, brought
to the Superior Court in New Haven County where the plain-
tiff's demurrer to the second defense was sustained (*Robin-
son, J.*) and the cause was afterwards tried to the jury before
*George W. Wheeler, J.;* verdict and judgment for the plain-
tiff for $1,005, and appeal by the defendants for alleged er-
rors in the rulings and charge of the court. *Error and new
trial granted.*

The case is sufficiently stated in the opinion.

*William H. Ely*, for the appellants (defendants).

*Charles S. Hamilton*, for the appellee (plaintiff).

HALL, J.  This is an action against the principal and surety ·of a recognizance for $850, taken upon the application of the defendant Mattei, under §§ 929–934 of the General Statutes, for the dissolution of an attachment by garnishee process, of money due him from the city of New Haven, in an action in which the plaintiff subsequently obtained a judgment of $1,500.  Both counts of the complaint appear to allege that the recognizance was in fact taken to the plaintiff, as required by statute, but that by mistake the name of the officer who made the attachment was, in the memorandum of recognizance signed by the judge before whom it was taken, substituted for that of the plaintiff, as the one to whom the bond was taken.  The second count also alleged that the officer had assigned his interest in the bond to the plaintiff.

Under the first count there was a prayer for the correction of the mistake in the memorandum of recognizance, and for damages, and under the second for damages only.

There was, first, a demurrer to the complaint, the substance of which was that the plaintiff was not entitled to recover upon either count, since the recognizance was invalid because not taken to the plaintiff.

It is unnecessary to consider the decision of the court overruling this demurrer, any further than to say that it was correct.  The exception taken to it is not pursued in the argument; no correction of the so-called memorandum was in fact made, and no exception was taken to the subsequent decision of the court, that without correcting it the plaintiff might prove that the bond was in fact taken to the plaintiff.  Upon the trial evidence was offered by both sides upon that question without objection; and, substantially in conformity to the defendants' requests, the court charged the jury that the plaintiff could not recover if the recognizance was in fact

taken to the officer, and could only recover upon proof, by a fair preponderance of evidence, that the recognizance was taken to the plaintiff.

In the answer, a second defense to both counts of the complaint alleged that at the time of the service of the copy upon the garnishee there was nothing due said Mattei, because of a previous assignment by him to the defendant Atwater of all moneys due from the city of New Haven, and that in entering into said recognizance the defendants supposed they were giving a bond to protect the city of New Haven against loss from paying over the money in question.

In sustaining the plaintiff's demurrer to this defense, the Superior Court rightly held that the mere secret belief and understanding of the defendants as to the nature and purpose of the obligation into which they were entering, could not alter the effect of the plain language of the contract itself, and upon the authority of *Birdsall* v. *Wheeler*, 58 Conn. 429, correctly decided that the defendants were estopped by the language of the recognizance from proving such facts as a complete defense to the action; since, as was held in that case, to permit them to do so would be to allow them to contradict the statement made by them in the bond given to procure the dissolution of the attachment, that the estate of the defendant in the original action had been attached, which statement, it is said in the case referred to, also involves an admission that such defendant had at the time of the attachment an attachable interest in the property or funds which it was sought to have released from attachment.

During the trial of the case to the jury the defendants offered in evidence the assignment above referred to from Mattei to Atwater, and also two written contracts between Mattei and the city of New Haven, together with certain papers showing when the money in question was collectible from the city of New Haven, and evidence that Mattei had not completed his contract with the city when the attachment was made, for the purpose, among others, of mitigating the damages, by showing that at the time of the attachment the money in question was not due from the city of New

McNamara *v.* Mattei.

Haven, and that it had been previously assigned to Atwater by a valid assignment. Upon the plaintiff's objection the court excluded this evidence as evidence in mitigation of damages, upon the ground that by the language of the recognizance the defendant was estopped from proving such facts for that purpose; and the court charged the jury that such evidence could not be considered by them for the purpose of reducing the damages.

The claim made in support of this ruling is, that by reason of the language of the recognizance the plaintiff, under the doctrine of estoppel, is entitled to a judgment for the full amount of the funds in the hands of the garnishee, even though he took nothing by his attachment, and although at that time the funds belonged wholly to Atwater, under the assignment, and the defendant Mattei had no interest in them.

The estoppel, which is said to forbid the reception of the evidence offered, is claimed to result from this recital in the bond: " Whereas the estate of Lorenzo J. Mattei . . . has been attached," and from the use of the expressions " said attached property " and " said attachment."

In the case of *Birdsall* v. *Wheeler*, 58 Conn. 429, which is cited as an authority for the exclusion of this evidence in mitigation of damages, this language is not regarded as an admission that the applicant for the release of the attachment is the owner of the property held by the officer or by the garnishee as having been attached, but only as an admission that such applicant has an attachable interest in it. It is held in that case to be a conclusive acknowledgment of only such ownership in the property by the original defendant as is sufficient to satisfy the statement of the recital that a valid attachment has been made. It is an express condition of the bond that the defendants shall not be required to pay any more than the actual value of the interest of Mattei in the property at the time of the attachment. The ultimate purpose of the evidence offered was, not to show that Mattei had no interest in the attached funds, but to show that he had no interest in them beyond that which was sufficient to

support the attachment, and that the value of his interest was no more than such sum as would measure the worth of the interest admitted. Proof that he had no interest in the property would be proof that he had no interest in it beyond the smallest attachable interest.

The offer of the evidence in mitigation of damages conceded that there had been a breach of the bond which gave the plaintiff a cause of action, and was intended only to show that by such breach the plaintiff had suffered but small damages. If the evidence is received for that purpose only, the admission in the recognizance that there has been an attachment still stands.

In hearings in damages in actions for injuries to person or property alleged to have been caused by the defendant's negligence, evidence that the defendant was not negligent is admissible in mitigation of damages, although the defendant by his demurrer or default has conclusively admitted his alleged negligence to the extent of permitting a judgment for nominal damages.

In *Dayton* v. *Merritt*, 33 Conn. 184, which was an action upon an officer's receipt, under seal, containing an absolute promise to redeliver property acknowledged to have been taken by the officer under a writ of attachment as the property of the defendant named in said writ, it was held that the receiptsmen were not estopped from proving their own title to the attached property; and in *Clark* v. *Gaylord*, 24 Conn. 484, that the receiptsmen might prove their ownership of the property, although in the receipt they had acknowledged themselves estopped from denying that the property had been attached by the officer.

In suits for a breach of the statutory bond of recognizance taken in actions of replevin, in which the recognizors undertake that the plaintiff shall prosecute his action to effect, and return the replevied property to the defendant and pay the damages he may sustain by the replevying of the property if the plaintiff " fail to establish his right to the possession of the same in said suit," it is held that, in the absence of a judgment of return in the replevin suit, the defendants may

show in mitigation of damages that the plaintiff in replevin was the owner of the property replevied. *Jackson* v. *Emmons*, 59 Conn. 493.

Section 1115 of the General Statutes, providing that " in actions on penal bonds, containing conditions which have been broken, such damages only shall be assessed as are equitably due . . . " applies to actions upon recognizances like the one in suit. *Allen* v. *Woodford*, 36 Conn, 143, 149. " Facts for mitigation are addressed to the equity of the law, and are admitted to assist in the application of the paramount rule that damages should not exceed just compensation, unless the case when fully disclosed calls for severity in the form of exemplary damages." 1 Suth. on Dam. (2d Ed.) § 149.

If in fact the $850 in question belonged to Atwater when the factorizing process was served, and the plaintiff by reason of the recitals of the bond referred to is entitled to a judgment in this action upon the bond for the full amount of said sum, he would seem to be obtaining a judgment for damages which he had not sustained, and for a sum greater than the value of Mattei's interest in the property taken under the attachment, and to be virtually taking by the attachment, in his suit against Mattei, property which in fact belonged to Atwater.

But it is said that this ruling is sustained by the opinion of this court in the case of *Birdsall* v. *Wheeler*. That was an action on a bond like the one in the case at bar. The principal defendant, Wheeler, who was a surety upon the bond, alleged in his answer that no estate was attached in the original suit, against Mrs. Alden, in which she had an interest. This averment was denied in the reply. The trial judge refused to charge, as requested by the plaintiff, that the defendant was estopped by the recital of the bond from claiming that no estate was attached in which Mrs. Alden had an interest, and charged the jury that the plaintiff could only recover upon proof that she had a valuable interest in the property at the time it was attached. As the trial court in that case thus held that it might be shown, as a complete

defense, that the original defendant had no interest in the property at the time of the attachment, the question whether that fact might be shown in mitigation of damages could not have arisen. The defendant having received a verdict, upon the plaintiff's appeal this court held that the trial court erred in its charge with reference to the burden of proof, and in refusing the instruction asked for as to estoppel. Upon the appeal, counsel for the defendant Wheeler argued that a new trial should not be granted because, Mrs. Alden having no interest in the attached property, the plaintiff upon another trial could only recover nominal damages. The court said in the opinion that it could not adopt that reasoning, and that it did not know that upon another trial the plaintiff would recover only nominal damages. The fact that the court could not assume that another jury would also find that Mrs. Alden had no interest in the attached property, was a sufficient reason for not deciding the defendant's claim of law, that the fact that she had no interest in the property would prevent the plaintiff upon another trial from recovering more than nominal damages. But if, by the language of the opinion which follows, it was meant to hold that upon such new trial the defendant could not be permitted to present evidence that the original defendant had no interest in the property, for the purpose of preventing the recovery of more than a sum sufficient to measure the smallest attachable interest which such defendant could have in such property, we think such decision was wrong on principle ; and that in so far as that case and the case of *Perry* v. *Post*, 45 Conn. 354, 356, can be considered as deciding that an admission of the obligors, in a bond of this character, that an attachment has been made, is so conclusive in its effect as to preclude the reception of such evidence in mitigation of damages, they should no longer be regarded as authorities. The record seems to show that the evidence in question was excluded as evidence in mitigation of damages, solely upon the ground of estoppel.

With the facts which are before us we think it inadvisable to discuss the questions of whether the assignment was

effective to transfer to Atwater the money due Mattei from the city, or whether under his contracts with the city any money was due Mattei at the time of the attachment. We therefore do not decide these questions.

There was error in the ruling of the court that by the language of the recognizance the defendant was estopped from proving, in mitigation of damages, that at the time of the attachment no money was due from the city of New Haven to Mattei, and from proving that the money due to Mattei had been previously assigned to Atwater, and a new trial is granted.

There is error and a new trial is granted.

In this opinion the other judges concurred.