J. Peter Dejon vs. Frederick B. Street.

Third Judicial District, Bridgeport, October Term, 1906.
Baldwin, Hamersley, Hall, Prentice and Thayer, Js.

One who signs an officer's receipt in his individual capacity cannot, in the absence of fraud, avoid the obligations of the contract thereby created, upon the ground that it was understood between the officer and himself that he was to sign and be holden only as a director of the defendant corporation. Parol evidence of such an agreement is inadmissible to vary or explain the language of the written contract.

The very purpose of such a receipt in declaring that its signers are thereby " estopped " from denying, among other things, the defendant's ownership and the agreed value of the property attached, was to exclude, as between the officer and receiptor, the possibility of the latter's ever challenging either the title to or the stipulated value of the property. Accordingly, evidence in contradiction of these recitals is not admissible in an action on the receipt, either as a defense or in mitigation of damages.

In such an action the burden of proving that the original judgment has been satisfied, being a matter of defense, rests upon the defendant.

In the present case the complaint alleged that a demand for the redelivery of the property to the officer was made upon the receiptor during the continuance of the attachment lien. *Held* that this might be proved by a demand made either before or after the rendition of the judgment in the attachment suit, the date of such demand not being of the substance of the cause of action.

By neglecting to demur and proceeding to trial on the merits, a defendant waives all formal defects in the complaint.

Argued October 23d—decided December 18th, 1906.

ACTION upon a receipt given to an officer for property attached, brought to the Court of Common Pleas in New Haven County where demurrers to portions of the answer were sustained (*Bishop* and *Hubbard, Js.*) and the cause was afterward tried to the court, *Ullman, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant. *No error.*

*Robert C. Stoddard,* for the appellant (defendant).

*Sanford B. Martin* and *John Elliott,* for the appellee (plaintiff).

HAMERSLEY, J. On December 30th, 1901, the plaintiff, a deputy-sheriff for New Haven County, as such officer, had in his hands for service a writ of attachment against the East Haven Manufacturing Company (a corporation), the defendant in an action in which the Manhattan Straw Board Company was plaintiff, returnable to the Court of Common Pleas for New Haven County on the first Tuesday of February, 1902, and by authority of said writ attached certain goods of the said East Haven Manufacturing Company, being the same goods enumerated in the officer's receipt hereinafter mentioned. On June 14th, 1902, the defendant signed and delivered to the plaintiff a receipt for said property attached as aforesaid, which receipt was also signed by C. F. Webster, President, and by

G. W. Ulrich, Treasurer, and by C. F. Webster and by G. W. Ulrich individually. The receipt was a joint and several undertaking, and acknowledged the receipt, by the signers, of said goods so attached by said officer, to the value of $300, and the signers jointly and severally agreed "to redeliver the same in good order to said officer, or to any officer legally authorized to receive the same, on demand, or in default thereof to pay the sum of three hundred dollars, or, if demand be not made before judgment is rendered, the amount of damages and costs which shall be recovered by the plaintiff in said case, if the same shall not exceed said sum"; and it was also in the receipt understood and agreed between the officer and the signers that "the undersigned are hereby estopped from denying that the property herein described has been attached by said officer, and that we have received the same from him, and that the same is the property of said defendant, and is of the value herein named."

This action is brought upon said receipt, a copy of which is made a part of the complaint. The complaint alleges (par. 1) the official position of the plaintiff and the placing in his hands for service of the writ of attachment; (par. 2) the execution and delivery of the receipt by the defendant; (par. 3) that "on the 28th day of May, 1903, and during the continuance of said attachment lien, the plaintiff demanded said property of the defendant, who failed to redeliver the same."

The defendant in his answer admits his signature to the receipt as set forth in the complaint, and sets up a special defense averring, in substance, (1) that before his signing the receipt it was agreed between him and the plaintiff that he should sign the paper in the capacity of director of the East Haven Manufacturing Company and not in his individual capacity; (2) that it was further agreed that the plaintiff should hold the defendant liable on said receipt only as such director and not in his individual capacity; and (3) that the plaintiff had made no demand on the defendant as such director for redelivery of the property attached.

The trial court properly sustained a demurrer to this special defense. The agreement between the plaintiff and defendant, witnessed by the receipt signed by the defendant in his individual capacity, as admitted by his answer, could not be affected by a prior agreement for entering into a different contract which was never consummated. Moreover, the alleged agreement, that the defendant should be held liable on the receipt only as director, was inconsistent with and radically different from the written agreement. It is not averred that the modifying agreement was in writing; on the contrary, the pleadings indicate that it was a parol agreement, and such a parol agreement would not be effective to alter the written one. The special defense cannot be construed as alleging that the signature of the defendant to the receipt was obtained by means of misrepresentations made by the plaintiff, which is the only claim urged by the defendant in his brief.

The defendant amended his answer by alleging: " 3. The property described in Exhibit A. was the proper estate of and owned by the New Haven Savings Bank, a corporation organized under the laws of this State, and located in the city and county of New Haven, and said New Haven Savings Bank took possession of said property, and appropriated the same to its own use." The plaintiff demurred to this paragraph of the answer. In view of the admitted estoppel, the trial court was manifestly correct in sustaining this demurrer. *Staples* v. *Fillmore*, 43 Conn. 510.

The case was then tried to the court upon the issue raised by the defendant's denial of paragraph 3 of the complaint, the answer admitting the allegations of the other paragraphs.

During the trial the defendant offered, in mitigation of damages, evidence tending to show that the goods attached as the property of the East Haven Manufacturing Company were not the property of that corporation, and were subject to prior attachments and mortgage incumbrance; that the interest in said goods secured by said attachment was of little or no value; and that the East Haven Manufacturing Company had been declared insolvent and the insolvent

estate was still unsettled. The court rejected the evidence, on the ground that the defendant was estopped by the officer's receipt from proving said facts.

There is no error in this ruling. The parties had agreed upon a valuation of the property, that this valuation should not afterward be questioned, and that the defendant should be estopped by the terms of his contract from denying that the property is of the value therein named. The expressed purpose of this contract was to exclude, as between the officer and receiptor, the possibility of the latter's ever challenging either the title to, or the agreed value of, the property attached. If there were other facts which, notwithstanding the admitted ownership and value, justified the defendant in refusing to redeliver the property attached, such facts were not included in the evidence offered, and were not alleged by the defendant in his answer. The chancery doctrine by which, in a suit on a penal bond, the defendant may be relieved from the letter of his obligation, was not involved in the court's ruling. Such a contract as that sued upon is uniformly held to be valid and binding, and its validity is recognized in the cases cited by the defendant in support of his contention. *McNamara* v. *Mattei*, 74 Conn. 170, 173, 50 Atl. 35; *New Britain* v. *New Britain Telephone Co.*, 74 Conn. 326, 333, 50 Atl. 881, 1015; *Dills* v. *Doebler*, 62 Conn. 366, 368, 26 Atl. 398.

The trial court did not err in holding and ruling that the plaintiff was entitled to recover notwithstanding the fact that no evidence was offered in the trial as to whether or not the judgment obtained by the Manhattan Straw Board Company had ever been satisfied. The fact (if it were a fact) that at the time of commencing the suit, or of trial, the judgment was satisfied, was a matter of defense, and the burden was not on the plaintiff to disprove such fact in making out his prima facie case. The plaintiff had made out his case when he proved the refusal to deliver. This refusal was, under the pleadings, the fact in issue; any claim by the defendant upon the trial of a state of facts which, admitting the refusal to have been made,

would show that the plaintiff had no cause of action, was matter of defense.

The defendant makes the further claim, that the complaint alleges a cause of action based upon a demand made for redelivery of goods attached before judgment was rendered in favor of the attaching creditor, and that the evidence proves a demand made after the rendition of such judgment, and therefore the trial court has rendered a judgment upon facts proved but not alleged.

The complaint alleges a demand made during a continuance of the attachment lien; and this may be proved by a demand made either before or after rendition of judgment. The time of demand, whether before or after judgment, is not of the substance of the cause of action alleged, although it may affect the amount of damages recovered; in this case it could in fact have no effect, as the amount of judgment exceeded the agreed valuation of the property attached. If the complaint was defective in not stating the time of the demand as related to the rendition of the judgment, it was a defect of form rather than of substance; and the defendant by neglecting to demur, by denying the allegation as made and going to trial upon the issue as thus framed, has waived the defect.

There is no error in the judgment of the Court of Common Pleas.

In this opinion the other judges concurred.