LEROY WILKINS, Respondent, *v.* AMERICAN SURETY COMPANY, Appellant.*

(Supreme Court, Appellate Term, First Department, July, 1918.)

Replevin — dismissal without prejudice — no adjudication as to owner-
    ship — action upon bond.
New trial — motion for, on ground of newly-discovered evidence — when
    denial of motion is error — replevin — trial.

Where an action in replevin is dismissed without prejudice for lack of proof on the part of plaintiff, there is no adjudication upon the merits as to the ownership of the chattels, in question, and when because of the failure of plaintiff to successfully prosecute the action the surety is sued upon its bond it is entitled to show that the plaintiff in replevin was in fact entitled to the possession of the property taken by him and that, therefore, the defendant in replevin suffered no substantial damage by such taking.

Where, in the action upon the bond in replevin, defendant's motion for a new trial upon the ground of newly-discovered evidence is denied and defendant alleges that the property

* Received too late for insertion in proper place.—[REPR.

sought to be recovered, two pianos, were placed with plaintiff upon trial with a view to his purchasing them if satisfactory, but that plaintiff found them unsatisfactory and did not purchase or pay anything for them but refused to return them, and it further appears that such evidence is to be furnished by B who swears he was engaged in distributing and selling the products of the plaintiff in replevin acting as its representative, it is clear that defendant in the present action should succeed upon the merits and it was error to deny the motion for a new trial absolutely.

Where from the moving papers it does not appear how B expects to prove his statement that no payments have been made by the plaintiff in the present action for pianos and it does not appear what standing B had with the plaintiff in the replevin action or that his testimony is essential to complete the proof on this point which was lacking upon the trial in the replevin action, and it does not affirmatively appear that his testimony could not have been obtained by the exercise of due diligence upon the trial of the present action, the denial of the motion for a new trial should have been without prejudice to a motion to renew upon proper proof, and as so modified the order denying the motion for a new trial will be affirmed.

APPEAL from an order of the Municipal Court of the city of New York, borough of Manhattan, seventh district, denying defendant's motion for a new trial, on the ground of newly-discovered evidence.

Henry C. Willcox (Arthur S. Leeds, of counsel), for appellant.

Edward A. Johnson (Albert D. Schanzer, of counsel), for respondent.

FINCH, J.   Plaintiff recovered a judgment against defendant upon a bond given by defendant in a replevin action in which action plaintiff was defendant and was successful therein for lack of proof on the part of the party who was plaintiff. Said action was dismissed without prejudice. It follows that the

ownership of the chattels in question in the other action was not adjudicated upon the merits. When, therefore, defendant surety was sued on its bond because of the failure of plaintiff in the replevin action to successfully prosecute the same, the surety would be entitled to show that plaintiff in the replevin action was in fact entitled to the property taken by him, and therefore that defendant in that action suffered no substantial damage by the taking. *Fielding* v. *Silverstein,* 70 Conn. 605, is exactly in point, and this is also the law in Delaware, Indiana, Massachusetts and Illinois. In the state of New York in the case of *Mendelson* v. *Irving,* 155 App. Div. 114, although the facts are somewhat different, the same fundamental principle is recognized and applied, namely that an adjudication not on the merits does not estop a defendant from attacking a judgment in favor of plaintiff for the value of property when he did not own the articles replevied but the same were taken by their rightful owner.

The replevin action referred to above was brought by the Chase-Hackley Piano Company against plaintiff in this action for the recovery of two pianos. Defendant in this action now alleges to have discovered evidence that the two pianos were placed with plaintiff upon trial with a view to his purchasing them if satisfactory, but that plaintiff found them unsatisfactory and did not purchase or pay anything for them but refused to return them. This evidence is furnished by one Paul Baldwin who swears he was engaged in distributing and selling the products of the piano company, and placed the two pianos with plaintiff, acting as the representative of the piano company.

It is clear that on the merits defendant should succeed. The learned court below was in error when for the reasons stated it denied defendant's application.

The only real difficulty presented is whether the moving papers are sufficient. From these papers it does not appear how said Baldwin can expect to prove his statement that no payments have been made by plaintiff for pianos. It does not appear what standing Baldwin had in the company, whether he was in sole charge of the transaction in question and whether he is the only one having knowledge thereof, or that his testimony is essential to complete the proof on this point which was lacking upon the trial of the replevin case. It does not affirmatively appear that the testimony of Baldwin could not have been obtained by the exercise of due diligence upon the trial of this action. Defendant's attorney in this action was informed by the then attorney for the plaintiff in the replevin action that he "might obtain some information regarding the case" from Baldwin. It does not appear why Baldwin was not produced by the attorney for the plaintiff in the replevin action, or that defendant's attorney in this action had conferred with plaintiff's attorney in the former action so as to have neglected any opportunity of having discovered this evidence. It certainly seems that if Baldwin's testimony is of any importance he should have been called in the replevin action, or it should at least have been shown why he was not then called. The proper disposition of this motion would have been to deny the same without prejudice to a motion to renew upon proper proof.

Order appealed from should therefore be modified in this particular, and as so modified affirmed, without costs to either party upon this appeal.

LEHMAN and PENDLETON, JJ., concur.

Order modified, and as so modified affirmed, without costs to either party.