GUSTAVE C. UHL *vs.* ANTONIO MAIORANO.

Third Judicial District, Bridgeport, October Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

In an action against the surety upon a replevin bond, the only damages which the plaintiff alleged he had sustained "by reason of said replevin action," were for expenses incurred and time lost in the investigation and preparation of that case for trial, and no evidence was introduced in support of either of these two items, or of any other damages. *Held* that in this situation the plaintiff could recover only nominal damages and costs.

The jury, misunderstanding or disregarding the *instructions* of the court, returned a verdict for substantial damages ($162.80), which the court set aside after the plaintiff had refused to file a *remittitur* of $154.55, as required by the court. *Held* that the course pursued by the trial court was just and proper, except in its failure to allow the nominal sum of $1 in fixing the amount of the *remittitur*, a trivial error, however, which would not justify another trial.

Argued November 2d—decided November 30th, 1921.

ACTION against the surety in a replevin bond, brought to the Court of Common Pleas in New Haven

County and tried to the jury before *Simpson, J.;* verdict for the plaintiff for $162.80, which the court set aside upon failure of the plaintiff to file a *remittitur* of $154.55, as ordered, and from this judgment the plaintiff appealed. *No error.*

*Robert J. Woodruff*, for the appellant (plaintiff).

*Philip Pond*, with whom was *Israel W. Cutler*, for the appellee (defendant).

BURPEE, J. The plaintiff set forth in his complaint that thirteen pieces of cloth, attached by him as a deputy sheriff, had been taken from him under a writ of replevin; that the defendant, as surety in the bond required before the issue of the writ, became bound to the plaintiff to pay him his damages and costs and to return to him the goods replevied, if the plaintiff in the action of replevin should fail to make his plea good; that in the action of replevin judgment was rendered for this plaintiff to recover the thirteen pieces of cloth replevied, and his costs taxed at $8.25; that upon demand the plaintiff in the replevin action, and principal in the bond, had refused to return these goods to this plaintiff, and had no property whereon to levy an execution. No claim was set up for the payment of the judgment in the replevin suit, nor for any damages sustained by the replevy of the goods or by the failure to return them. The only damage which the plaintiff alleged he had sustained "by reason of said replevin action," was expense incurred and time lost "by preparing and investigating the trial of said replevin action."

In his answer the defendant disclaimed information of these allegations, and set up that the pieces of cloth described in the replevin suit were not the property

of the plaintiff in that suit, and had been taken by the lawful owners during the pendency of that suit.

Upon the trial, this plaintiff produced no evidence whatever to prove the value of the pieces of cloth, or of the interest of any person in them, or any damages sustained by any person by the taking or failing to return the property.

No evidence was offered to support the allegations concerning the plaintiff's expenses and time lost by reason of the replevin suit.

It was not disputed that the actual owners of the cloth, strangers to this litigation, had taken and still held possession of the property.

In such a condition of pleadings and proof, the plaintiff could not recover more than nominal damages and costs. *Fielding* v. *Silverstein*, 70 Conn. 605, 609, 40 Atl. 454; *McNamara* v. *Mattei*, 74 Conn. 170, 175, 50 Atl. 35; *Jackson* v. *Emmons*, 59 Conn. 493, 495, 22 Atl. 296; *Lewis* v. *Morse*, 20 Conn. 211, 217; *St. Peter's Church* v. *Beach*, 26 Conn. 355; *Hurd* v. *Hubbell*, 26 Conn. 389; *Craney* v. *Donovan*, 95 Conn. 482, 111 Atl. 796; *Tuck* v. *Moses*, 58 Me. 461, 476; 34 Cyc. 1564, 1585.

The trial court properly instructed the jury in these respects. Nevertheless, they returned a verdict for substantial damages, evidently misunderstanding or disregarding the instructions of the court. It was proper and just that the court should set the verdict aside unless the plaintiff should remit that part illegally included; that is, should be satisfied with a verdict for nominal damages and costs. It is true that in fixing the amount of the *remittitur* the court has not allowed the nominal damages of $1; but this amount is too small to justify another trial.

There is no error.

In this opinion the other judges concurred.