AETNA LIFE INSURANCE COMPANY *vs.* ELIZABETH M. RICHMOND.

Third Judicial District, Bridgeport, October Term, 1927.

WHEELER, C. J., HAINES, HINMAN, BANKS and FOSTER, Js.

A general demurrer to a complaint may, if so treated by the parties and by the trial court, be considered by this court as raising the question whether the pleading states a cause of action.

A declaratory judgment, if desired, must be specifically and precisely demanded in an appropriate prayer for relief either standing by itself or combined with a prayer for affirmative consequential relief.

If a ruling upon a demurrer is, in result, correct, it will be sustained even though based upon a wrong ground.

In a complaint for equitable relief, the element of irreparable injury must be present as a conclusion to be drawn directly or by necessary implication from the facts alleged, in order that inadequacy of legal remedy shall appear.

The Practice Act has abolished certain distinctions of form and employed a new nomenclature, but it is still true that the same facts will entitle one to the same redress as before, and to no other.

Equity will not decree the cancellation of a policy of life insurance, in a suit against the beneficiary following the death of the insured, where the facts alleged as warranting such relief would constitute a good defense at law to a purely legal demand upon the policy.

Argued October 26th—decided December 12th, 1927.

ACTION for a judgment declaring void a policy of life insurance in the possession of the defendant, and ordering that it be returned to the plaintiff, brought to the Superior Court in New Haven County where the

defendant's demurrer to the complaint was overruled (*Baldwin, J.*) and upon her refusal to plead further, judgment was rendered for the plaintiff, from which the defendant appealed. *Error; cause remanded with direction to set aside the judgment and sustain the demurrer in accordance with opinion.*

*Frederick M. Peasley,* with whom, on the brief, was *Clayton L. Klein,* for the appellant (defendant).

*William E. Thoms,* for the appellee (plaintiff).

HAINES, J.   The plaintiff invokes the aid of a court of equity, alleging that on July 17th, 1926, it executed a policy of insurance on the life of one Richmond in which the defendant was named beneficiary; that Richmond died on or about January 3d, 1927; that the defendant is now in possession of the policy, and that there was no contract between Richmond and the plaintiff because the application for the policy, which was made a part of it, was not made by Richmond nor signed by him, nor was the first premium paid during his good health, and, further, that the plaintiff has tendered and offered to return the premiums. Upon the facts so alleged, it prays for the cancellation and return of the policy. The defendant demurs to the complaint upon the ground that the facts alleged are a complete legal defense to an action on the policy; that to grant the prayer might deprive the defendant of the right of trial by jury; and that it nowhere appears that irreparable injury has resulted or may result to the plaintiff from the facts alleged. The trial court overruled this demurrer on the ground that the complaint sets up a good cause of action under the Declaratory Judgment Act and rules thereunder, and upon failure to plead further, entered a judgment for the

plaintiff adjudging the policy cancelled and void. This is the basis of the present appeal. The first ground of demurrer is general and not special, and must, for this reason, have been disregarded by the trial court, had the plaintiff made the point; but the rights of the plaintiff are involved, and both the plaintiff and the trial court have waived the form of this ground of demurrer, and we shall treat it as the parties have and consider whether the complaint states any cause of action.

It is quite obvious that the plaintiff sought to state an equitable cause of action, and had not contemplated a proceeding under the Declaratory Judgment Act until the trial court based its decision of the demurrer upon the terms of this legislation, the purpose of which is to declare rights rather than to execute them. Public Acts of 1921, Chap. 258.

This complaint in no way suggests that a declaratory judgment is sought. It does not ask the court to declare the rights of the parties. Where such judgment is desired, it should be so stated with precision, in an appropriate prayer for relief, whether standing by itself or combined with a prayer for affirmative consequential relief. Practice Book, p. 256, § 64(b).

The challenge of the demurrer was not whether the complaint stated valid ground for a declaratory judgment, but whether it was an adequate statement of an equitable cause of action against the defendant. The trial court, therefore, held the complaint good on a ground not claimed and failed to decide the question which the demurrer presented. Nevertheless, if a proper conclusion was reached, the ruling must be sustained even though the court based its ruling on a wrong ground. *Hoxie* v. *New York, N. H. & H. R. Co.,* 82 Conn. 352, 367, 73 Atl. 754; *British American Ins. Co.* v. *Wilson,* 77 Conn. 559, 564, 60 Atl. 293; *Thresher*

v. *Stonington Savings Bank*, 68 Conn. 201, 205, 36 Atl. 38.

The only apparent purpose of the plaintiff in bringing this action was to forestall a legal action by the defendant, the beneficiary, and this could be effectively done if the policy were cancelled and delivered to the plaintiff. The facts upon which it seeks to accomplish this, if set up and established in an action against the present plaintiff on the policy, would be a valid and complete defense, and so, the plaintiff's remedy would be complete and adequate. Pomeroy's Equity Jurisprudence (4th Ed.) Vol. 2, § 911, Vol. 4, §§ 1377, 1399; *Banker's Reserve Life Co.* v. *Omberson*, 123 Minn. 285, 143 N. W. 735; *Phoenix Mutual Life Ins. Co.* v. *Bailey*, 80 U. S. (13 Wall.) 616; *Des Moines Life Ins. Co.* v. *Seifert*, 210 Ill. 157, 71 N. E. 349.

In the last named case, the court said: "The controlling question in this case is, has a court of equity jurisdiction to entertain a bill by an insurance company against a beneficiary named in its policy, after the death of the insured, to cancel a policy the issuance of which is alleged to have been obtained by false and untrue statements of the insured? We are of the opinion it has not, for the reason the insurance company has a plain and adequate defense at law to a suit upon the policy."

The existence of the facts alleged does not show or tend to show that the plaintiff is subject to irreparable injury if the policy is not cancelled and surrendered. It is essential to a valid cause of action in equity, that this feature of irreparable injury be present, either by the allegation of facts from which this conclusion may be drawn directly or by necessary implication, so that the inadequacy of the legal remedy will appear. *Winestine* v. *Rose Cloak & Suit Co.*, 93 Conn. 633, 638, 107 Atl. 500; *Roy* v. *Moore*, 85 Conn. 159, 163, 82

Atl. 233; *Dills* v. *Doebler,* 62 Conn. 366, 368, 26 Atl. 398; Swift's Digest, Vol. 2, Chap. 1, § 1.

These requirements have not been changed by our Practice Act. It "has not changed the situation save as it has abolished certain formal distinctions and employed a new nomenclature. The same facts will entitle one to the same redress as before, and to no other redress." *LeWitt* v. *Park Ecclesiastical Society,* 103 Conn. 285, 299, 130 Atl. 387; *Avery* v. *Spicer,* 90 Conn. 576, 581, 98 Atl. 135.

"A court of equity will not decree the cancellation of a written instrument when a party, if his theory of the controversy is correct, has a good defense at law to a purely legal demand. He should be left to that means of defense, and he has no occasion to resort to a court of equity for relief, unless he is prepared to allege and prove some special circumstances to show that he may suffer irreparable injury if he is denied that preventive remedy." *Lawlor* v. *Merritt,* 81 Conn. 715, 721, 72 Atl. 143; *Buzard* v. *Houston,* 119 U. S. 347, 7 Sup. Ct. 249; *Vanatta* v. *Lindley,* 198 Ill. 40, 64 N. E. 735; *Farmington Village Corporation* v. *Sandy River National Bank,* 85 Me. 46, 26 Atl. 965; *Globe Mutual Ins. Co.* v. *Reals,* 79 N. Y. 202.

It follows that the facts alleged in the present action do not constitute a valid ground for the interposition of a court of equity to grant the relief prayed for, and the demurrer should upon this ground, have been sustained.

There is error, the cause is remanded with direction to set aside the judgment and sustain the demurrer in accordance with this opinion.

In this opinion the other judges concurred.