Lawrence E. Colburn *v.* Joseph Puzio et al.

Maltbie, C. J., Jennings, Ells, Dickenson and Molloy, Js.

Argued May 5—decided August 2, 1949.

*Virtume P. A. Quinn* and *Henry H. Pettis,* for the appellants (defendants).

*Allyn L. Brown, Jr.,* for the appellee (plaintiff).

Dickenson, J.   This action arose out of a building contract between the parties.   The plaintiff claimed that the contract had been rescinded by the defendants and sued in quantum meruit.   The defendants denied a rescission and counterclaimed for damages for breach of contract.   By stipulation, the matter was referred to a state referee, who filed a report finding the facts. The referee found the damages to which the plaintiff would be entitled in the alternative: On the one hand,

the reasonable value of the services performed and materials furnished, if the court should conclude that the plaintiff had been prevented by the defendants from completing his contract or that in the course of its performance it had been mutually abandoned or rescinded; on the other hand, the contract price plus certain extras and less the reasonable cost to the defendants of completing some unfinished work, if the court should conclude that the plaintiff's recovery should be upon the contract. The defendants claimed before the referee that there had been no rescission or abandonment of the contract, that the plaintiff could only recover damages based on it, and that nothing was due him. The defendants filed a remonstrance upon the sole ground that certain admitted or undisputed facts should be added to the referee's report. The plaintiff filed a demurrer addressed to two paragraphs of the remonstrance; the trial court sustained it as to one paragraph, and its action in this regard is not assigned as error. Thereafter, the trial court overruled the remonstrance. Subsequently, with another judge sitting, it concluded that the contract had been abandoned or rescinded and directed judgment for the plaintiff for the damages found by the referee to be due him upon that ground. The defendants do not contend that the judgment was incorrect upon the facts found by the referee; they claim that the facts stated in the remonstrance should have been added to the report and that if they are added the factual basis will be so vitally changed that the case should be remanded to the trial court for further consideration upon the report as so corrected. See *German* v. *German,* 125 Conn. 84, 90, 3 A. 2d 849.

One of the plaintiff's claims before the referee was that there had been an abandonment or rescission of the contract by the conduct of the defendants in direct-

ing and interfering with the plaintiff's workmen and in directing changes and ordering work in disregard of the contract, and by the acquiescence of the plaintiff in this course. This claim the trial court upheld and it was the basis of the judgment. Only two of the paragraphs left in the remonstrance after the demurrer would be relevant to the vital conclusion of the trial court, the first and fifth; the first is not supported by the evidence printed in the record, and the fifth, if added, would rather strengthen than militate against the trial court's conclusion. The failure of the trial court to sustain the remonstrance did not constitute material error. The evidence does not establish that the facts sought to be added to the report which would materially affect the result were admitted or undisputed. That the trial court based its ruling on a different ground does not vitiate it. *Aetna Life Ins. Co.* v. *Richmond,* 107 Conn. 117, 119, 139 A. 702; Conn. App. Proc. § 18.

There is no error.

In this opinion the other judges concurred.