CORA BELLE SMITH *vs.* FRANK W. FURNESS ET AL.
ERNEST A. SMITH, ADMINISTRATOR (ESTATE OF
CLIFTON ERNEST SMITH) *vs.* FRANK
W. FURNESS ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued May 3d—decided June 20th, 1933.

*C. Hadlai Hull,* for the appellants (defendants).

*Arthur T. Keefe,* with whom was *Leon J. Beisheim,* for the appellees (plaintiffs).

MALTBIE, C. J. Except in one respect, the issues presented in these two appeals are the same and we shall discuss those common to both in connection with the appeal in the action brought by Cora Belle Smith. She sought a recovery for injuries received in an accident while riding as a guest in an automobile driven by one defendant, Irene Frances Furness, and owned by the other defendant, Frank W. Furness. The complaint alleged that the plaintiff was a passenger and guest in the automobile and she evidently was seeking a recovery under the "guest statute" so-called. General Statutes, § 1628. The defendants filed a general denial, and also a second defense in which it was alleged that the plaintiff in entering the automobile

"assumed the risk of injury as alleged in the complaint." A demurrer to this defense was sustained on the ground that no facts were alleged which showed that there was an assumption of risk by the plaintiff. Acts and contracts may be stated according to their legal effect, but in so doing the pleadings should be such as fairly to apprise the adverse party of the state of facts which it is intended to prove. Practice Book, p. 283, § 181; *Plumb* v. *Curtis,* 66 Conn. 154, 173, 33 Atl. 998; and see *O'Keefe* v. *National Folding Box & Paper Co.,* 66 Conn. 38, 44, 33 Atl. 587; *Stillman* v. *Thompson,* 80 Conn. 192, 195, 67 Atl. 528; *Milaneseo* v. *Calvanese,* 92 Conn. 641, 642, 103 Atl. 841; *Aetna Life Ins. Co.* v. *Richmond,* 107 Conn. 117, 120, 139 Atl. 702; *New Milford Savings Bank* v. *Lederer,* 112 Conn. 447, 450, 152 Atl. 709. The adverse party has the right to have the facts appear so that the question whether they support the conclusion may be determined and that he may have an opportunity to deny them. *Chesebro* v. *Babcock,* 59 Conn. 213, 217, 22 Atl. 145. A pleading defective in alleging a conclusion without facts to support it is demurrable. *Stillman* v. *Thompson, supra.* The ruling of the trial court sustaining the demurrer to this defense was correct.

After the sustaining of the demurrer the defendants moved the court for permission to file a substitute defense in which they did set up the facts upon which they relied to show an assumption of risk by the plaintiff. The court refused to allow the amendment, substantially because it thought that there was no distinction in law between the defenses of contributory negligence and assumption of risk and as the former would not defeat a recovery under the guest statute, the amendment if allowed would be demurrable. The trial court in so deciding erred in that substantive rights are not to be determined upon a motion for per-

mission to amend. *Newman* v. *Golden,* 108 Conn. 676, 679, 144 Atl. 467. In fairness to the trial court it should be noted that its ruling was made before our decision in *Freedman* v. *Hurwitz,* 116 Conn. 283, 164 Atl. 647, in which we held that assumption of risk is a proper defense to an action for reckless misconduct under the guest statute.

Permission to file this amendment having been denied, the defendants sought leave to file another special defense in which they alleged that the plaintiff heedlessly and recklessly exposed herself to the risk and danger involved in riding in the automobile, when she knew that the driver was not mentally or physically competent to operate it. The trial court refused permission to file this amendment because it deemed that such conduct on the part of the plaintiff would not defeat a recovery in an action under the guest statute. The defense which the defendants attempted to set up in this amendment presents a very different legal situation from that of an assumption of risk. They refer very cursorily to the disallowance of this amendment in their brief, seeming to regard it as standing upon the same ground as the previous amendment offered. We are left in uncertainty as to the seriousness with which they assert it, or their intention to rely upon it if they are permitted to plead that the plaintiff assumed the risk. We go no farther in regard to it than to point out that it was error for the trial court to refuse to permit it to be filed upon the ground that the facts stated in it would not legally constitute a defense. *Newman* v. *Golden, supra.*

What we have said with reference to these errors in the case of Cora Belle Smith v. Furness, applies also to the appeal in the action of Smith, Administrator, v. Furness, but in that action the defendants filed another defense, to the effect that the plaintiff's intestate was

guilty of contributory negligence. The complaint alleged, as we have pointed out, that the intestate was riding in the car as a passenger and guest of the defendant owner and, despite the fact that there were some allegations of negligence on the part of the defendant driver, the complaint is susceptible of no other interpretation except that the action was based upon the guest statute. That being so, no recovery could be had in the action upon the ground of negligence. *Berman* v. *Kling,* 81 Conn. 403, 71 Atl. 507; *Alexander* v. *Sherman's Sons Co.,* 86 Conn. 292, 301, 85 Atl. 514; *Epstein* v. *New Haven,* 104 Conn. 283, 284, 132 Atl. 467; *Banach* v. *Bohinski,* 107 Conn. 156, 139 Atl. 688. Contributory negligence is no defense to an action under the guest statute. *Bordonaro* v. *Senk,* 109 Conn. 428, 433, 147 Atl. 136; *Lionetti* v. *Coppola,* 115 Conn. 499, 503, 161 Atl. 797. The trial court was correct in sustaining the demurrer to this defense.

The erroneous rulings of the trial court in refusing the defendants permission to file the amendments to their answers require that the cases be remanded and it would serve no purpose to discuss the other claims of error, except one, which may again arise if a new trial is had. The complaint in the case of Cora Belle Smith alleged that the automobile in which she was riding was owned by the defendant Frank W. Furness but was being driven at the time of the accident by the defendant Irene Frances Furness, and the complaint in the other action made similar allegations as regards the plaintiff's intestate. The trial court charged the jury, in accordance with the evidence upon the trial, upon the basis that the driver of the car was the wife of its owner and instructed them that under the statute, General Statutes, Cum. Sup. 1931, § 600a, in the absence of other evidence, they must find that the wife was the agent of the husband and that he would be

responsible equally with her for any acts or omissions on her part in the operation of the car; and the court finally charged the jury that in each case there were only two possible verdicts, one for the plaintiff and one for the defendants. Had the complaint alleged that the defendant driver was the wife of the defendant owner, the statute would have applied. It provides that proof that an operator of a motor vehicle is the husband, wife, father, mother, son or daughter of the owner shall raise a presumption that such motor vehicle was being operated as a family car within the scope of general authority from the owner, and shall impose upon the defendant the burden of rebutting such presumption. It would not be necessary to allege, in addition to the fact that the operator of the car was the wife of the owner, that she was also his agent, because the statute raises a legal presumption to that effect which need not be pleaded. *Fisher, Brown & Co.* v. *Fielding,* 67 Conn. 91, 103, 34 Atl. 714; *Budd* v. *Meriden Electric R. Co.,* 69 Conn. 272, 284, 37 Atl. 683; *Brockett* v. *Fair Haven & W. R. Co.,* 73 Conn. 428, 434, 47 Atl. 763. The complaint was defective in its failure to allege that the driver of the car was the wife of its owner. But, as far as the charge itself is concerned, the trial court, upon the assumption that this element was properly in the case, correctly charged the jury as to the effect of the statute; and as the defendant husband in such a situation would be liable as principal for any misconduct of the wife as agent which would give rise to a cause of action under the statute and would not be liable if such misconduct were not proved, it would be true that any verdict in favor of the plaintiff, in the absence of evidence to rebut the presumption established by the statute, would necessarily run against both.

There is error and the cause is remanded for further proceedings according to law.

In this opinion the other judges concurred.