[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING RE: DEFENDANTS' MOTION TO STRIKE (#106)
The plaintiffs filed a six-count amended complaint; count four alleges breach of covenant of good faith and fair dealing with respect to a fire loss policy, and, count five alleges violations of the Connecticut Unfair Trade Practices Act (CUTPA) and the Connecticut Unfair Insurance Practices Act (CUIPA). Defendants have moved to strike these counts.
On February 17, 1995, Aetna issued an insurance policy, which provided fire damage coverage on the plaintiffs' two buildings — a store and warehouse. Approximately two weeks after the policy was issued, the warehouse was destroyed by fire.
The amended complaint alleges that Aetna failed to pay the $35,000 coverage on the destroyed warehouse. The plaintiffs maintain that Aetna breached the covenant of good faith and fair dealing and violated CUTPA and CUIPA by refusing to pay the $35,000 policy limit. Aetna asserts that the policy limit for the burned warehouse was $15,000, which was paid. The parties' dispute lies in an ambiguity in the insurance contract. The contract provided coverage up to $35,000 for building one and $15,000 for building two. It is disputed which building constitutes building one. The plaintiffs maintain that Aetna created the ambiguity in the contract, which Aetna then used to deny full payment of the fire loss claim. CT Page 11402
 I.
A motion to strike tests the legal sufficiency of a pleading. Practice Book § 10-39; Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). To maintain their claim, the plaintiffs must plead "with particularity to allow evaluation of the legal theory upon which the claim is based." S.M.S. Textile Mills, Inc. v. Brown, Jacobson,Tillinghast, Lahan and King, P.C., 32 Conn. App. 786, 797,631 A.2d 340, cert. denied, 228 Conn. 903, 634 A.2d 296 (1993). To determine legal sufficiency, "[the court takes] the facts to be those alleged in the complaint . . . and [construes] the complaint in the manner most favorable to sustaining its legal sufficiency." Pamela B. v. Ment, 244 Conn. 296, 308,709 A.2d 1089 (1998). The court considers the facts alleged in the complaint, and "the facts necessarily implied and fairly provable under the allegations. S.M.S. Textile Mills, Inc. v. Brown.Jacobson, Tillinghast King, P.C., supra, at p. 796. However, "[a] motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). A motion to strike "admits all facts well pleaded", but "it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings."Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985).
 II.
In maintaining that Aetna breached a covenant of good faith and fair dealing, the plaintiffs contend that Aetna "created an ambiguity in the policy by failing to identify which building was referred to as `Building 1' and which building was referred to as `Building 2'." Moreover, they assert that Aetna used the ambiguity "to deprive the plaintiffs of the full amount of benefits that the plaintiffs had purchased. . . ." Aetna argues, that the count should be stricken because the plaintiffs do not allege facts to show that an ambiguity was "unilaterally created" by the defendants for the purpose of dealing unfairly with the plaintiffs.
"Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefit of the agreement." Gupta v. New Britain General Hospital, 239 Conn. 574,598, 687 A.2d 111 (1996). "Bad faith means more than mere CT Page 11403 negligence; it involves a dishonest purpose" and implies "actual or constructive fraud, . . . a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive." Habetz v. Condon, 224 Conn. 231, 237 618 A.2d 501
(1992). See also: Buckman v. Peoples Express, Inc.,205 Conn. 166, 170-71, 530 A.2d 596 (1987).
The plaintiffs are required to plead facts of bad faith in their amended complaint; however, "[f]acts that are necessarily implied in a complaint . . . need not be expressly alleged." Lambv. Burns, 202 Conn. 158, 172, 520 A.2d 190 (1997). The plaintiffs have alleged that Aetna failed to pay the $35,000 policy limits covering the warehouse; that Aetna failed to fulfill its obligations under the contract in bad faith; that Aetna created an ambiguity in the policy by failing to identify which building was referred to as Building 1 and which was referred to as Building 2.; and that Aetna used the ambiguity it created to deprive the plaintiffs of the full amount of benefits that the plaintiffs had purchased and paid premiums for.
Aetna contends that the allegations are merely legal conclusions unsupported by the facts. In determining the sufficiency of a factual allegation, our Supreme Court has stated that "[t]he adverse party has the right to have the facts appear so that the question whether they support the conclusion may be determined and that he may have the opportunity to deny them."Smith v. Furness, 117 Conn. 97, 99, 166 A. 759 (1933). Whether an allegation presents a mere legal conclusion depends on whether it sets forth an indication of the subordinate issues that will be involved at trial. See Connecticut Water Co. v. Town ofThomaston, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 535590 (April 24, 1997) (if the allegations "(r)ead separately or together . . . are completely conclusory and give `no clue as to the nature of the subordinate issues that will be involved' in the trial. . ." then a motion to strike would be appropriate). Indeed, our Supreme Court has stated that in the context of a motion to strike, for appeal purposes, "all well-pleaded facts and those facts necessarilyimplied from the allegations are taken as admitted."[1]
(Emphasis added). Amodio v. Cunningham, 182 Conn. 80, 83 (1980).
Here, the plaintiffs have presented facts which can be denied by Aetna in its responsive pleading. Aetna maintains that the CT Page 11404 plaintiffs must specifically allege that the ambiguity was "unilaterally created," but such would seem unnecessary where plaintiffs have alleged facts which may be reasonably construed as indicative of bad faith. Here, it is alleged that Aetna created an ambiguity in the insurance policy, which Aetna then used to deny full coverage. The reasonable implication of these allegations is that Aetna intentionally, with at least an interested motive, acted to injure plaintiffs' right to receive the full benefit of the agreement. While the question is a close one, it is the court's view that construing the facts alleged in the manner most favorable to the pleader, the count four allegations are sufficient to withstand this motion to strike.
 III.
Aetna has also moved to strike count five of the plaintiffs' amended complaint, arguing that the plaintiffs have failed to plead a factual predicate required for CUTPA; or more specifically, that the "mere use of the words `unfair and deceptive' to describe defendants' acts . . . is insufficient to allege an actionable CUTPA claim." See: e.g. Chernet v. Town ofWilton, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 108840 (September 28, 1990).
General Statutes § 42-110b(a) states that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." The legislature enacted CUTPA to protect the public from unfair trade or commercial practices. Thames River Recycling, Inc. v. Gallo,50 Conn. App. 767, 794-95, 720 A.2d 242 (1998). In determining whether a practice violates CUTPA, courts utilize the "cigarette rule." See A-G Foods, Inc. v. Pepperidge Farm, Inc.,216 Conn. 200, 215, 579 A.2d 69 (1990). Under this test, a practice is deemed unfair when (1) it offends public policy as it has been established by statute, the common law, or otherwise, that is, "whether . . . it is within at least the penumbra of some common law, statutory, or other established concept of unfairness;" (2) it is immoral, unethical, oppressive, or unscrupulous; or (3) it causes substantial injury to consumers, competitors or other businessmen. "All three criteria need not be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three. . . ." Norwich Savings Societyv. Caldrello, 38 Conn. App. 859, 865, 663 A.2d 415, cert. denied,235 Conn. 927, 667 A.2d 553 (1995). With regard to CUTPA, it is CT Page 11405 Aetna's contention that "[a]bsent facts sufficient to demonstrate that public policy, as established by statutes, the common law, or otherwise has been violated, the plaintiffs cannot meet the first prong of the cigarette test." Defendants' Memorandum of LawIn Support Of Motion To Strike, p. 4.
Plaintiffs allege that Aetna created an ambiguity in the fire policy and then, in bad faith, used that ambiguity to deprive plaintiffs of the full benefits ($35,000 coverage) they had purchased as fire protection on the warehouse. The plaintiffs further allege, referring to General Statutes Sections 42-110b
(CUTPA) and 38a-815 et. seq. (CUIPA), that Aetna violated CUTPA "by committing unfair settlement practices and unfair and deceptive practices in the business of insurance as prohibited by . . . Section 38a-815 et. seq." Thereafter, plaintiffs allege certain specific unfair settlement practices, substantially in the language of various provisions in Section 38a-816(6). The plaintiffs have undertaken to allege a CUTPA claim premised on practices prohibited by CUIPA, Section 38a-815, et seq. It has been stated that "[a] plaintiff may not bring a cause of action under CUTPA based on conduct which does not also violate CUIPA where the alleged misconduct is related to the insurance industry." Waugh v. Nationwide Mutual Insurance Co., Superior Court; judicial district of New Haven at Meriden, docket No. 244326 (January 5, 1995), citing Mead v. Burns, 199 Conn. 651,663-66, 509 A.2d 11 (1986); Genovese Enterprises v. Sphere DrakeIns., Superior Court, judicial district of Waterbury, Docket No. 128855 (September 9, 1996).
The question thus becomes whether the plaintiffs have sufficiently alleged a CUIPA claim. In such regard, Aetna's contention is that plaintiffs have failed to allege that the claimed wrongful acts were committed with such frequency as to demonstrate a general practice, as required by Sec. 38a-816(6).
In Mead v. Burns, supra, the Connecticut Supreme Court determined that a plaintiff must allege more than a single act of insurance misconduct in order to sustain a CUIPA violation. The Connecticut Supreme Court has also stated that "a CUTPA claim based on an alleged unfair settlement practice prohibited by § 38a-816(6) requires proof, as under CUIPA, that the unfair settlement practice had been committed or performed by the defendant with such frequency as to indicate a general business practice." Lees v. Middlesex Ins. Co., 229 Conn. 842, 850,643 A.2d 1282 (1994). CT Page 11406
It is Aetna's position that the amended complaint is insufficient in that other claimants allegedly harmed by Aetna's misconduct "are not identified;" therefore, Aetna asserts, the plaintiffs have failed to allege any factual basis demonstrating a general pattern of insurer misconduct as required under General Statutes § 38a-816(6). Even construing the complaint in a manner most favorable to the nonmoving party, the mere inclusion of the phrase "have continued to commit the acts referred to above as to the plaintiffs, Timothy Currie and Kimberly Currie, and as toother insureds and policy holders of the defendants or the defendants' holding companies, affiliates, or subsidiaries with such frequency as to constitute a general business practice in violation of Conn. Gen. Stat. § 38a-816(6)" is, in my view, insufficient since it is entirely conclusory and provides no factual basis for a necessary element of the CUIPA claim.[2]
"Such bald allegations are properly seen as legal conclusions, particularly since the plaintiffs make no attempt to plead any facts identifying these `other occasions'" Genovese Enterprises,Inc. v. Sphere Drake Inc., supra. It is recognized that while Connecticut is a fact-pleading jurisdiction, requiring that "[e]ach pleading shall contain a plain and concise statement of the material facts on which the pleader relies," the pleader, nevertheless, is not required to plead "the evidence by which [material facts] are to be proved." Practice Book Sec. 10-1. But here, no facts are alleged essential to establishing an unfair pattern of general business practice by Aetna, as required by Section 38a-816(6). As Aetna contends, the plaintiffs "have inserted the magic words of other acts of insurance misconduct by the defendant, although not stating the factual basis for that claim." Ciarlegalio v. Fireman's Fund Ins. Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 276028 (December 16, 1993); see also: Grant v. Penn Insurance Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 321277 (January 16, 1996).
Without some allegations of predicate facts, statements setting forth, in substance, merely the statutory requirement become conclusory. "A pleading must fail if it contains only unsupported conclusions of law without the required underlying facts." Genovese Enterprises v. Spere Drake Ins., supra. And, for purposes of a motion to strike, legal conclusions are not admitted. Mingachos v. CBS, Inc., supra at p. 108. In my view, the plaintiffs' allegation #26 is merely a conclusory statement devoid of any facts demonstrating that Aetna engaged in unfair CT Page 11407 settlement practices (38a-816(6)) with such frequency as to amount to a general business practice.
Plaintiffs point out that in addition to unfair settlement practices under 38a-816(6), they also allege insurance misconduct in violation of Sections 38a-816(2) and 38a-816(7). These allegations, paragraphs #27 and #28 of the amended complaint, merely recite the statutory language, alleging no factual predicates whatsoever for any claimed violation of the CUIPA provisions.[3] Thus, in my judgment, they appear as entirely conclusory, without any alleged factual basis; therefore, with regard to a motion to strike, they are not viewed as admitted. The addition of these concluisory allegations does not render the CUIPA claim sufficient to withstand a motion to strike.
On the basis of the aforesaid, it is concluded that plaintiffs' CUIPA claim, as alleged, is legally insufficient. Since the viability of the CUTPA claim is, in these circumstances, premised on the sufficiency of the CUIPA allegations; cf. Waugh v. Nationwide Mutual Insurance Co., supra; the CUTPA claim is also legally insufficient.
 IV.
For the reasons stated, the motion to strike (File #106) isdenied as to count four, and granted as to count five.
Mulcahy, J.