[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has filed a motion to strike the four special defenses contained in the defendant's answer to the plaintiff's complaint. At the hearing on the motion to strike, the defendant agreed to withdraw his second special defense. The court must therefore decide whether the three remaining special defenses should be stricken.
The plaintiff, a corporation engaged in the business of demolition, has brought this action against the defendant, who was the town planner for the town of Hamden, asserting two counts: in count one, that the defendant intentionally interfered with a business expectancy of the plaintiff and in count two, that the defendant defamed the corporation. In his three remaining special defenses, the defendant asserts the following: in the first special defense to both counts, that the plaintiff is immune from liability under the doctrine of governmental immunity, in the third special defense to count two, that his statements were privileged, and in the fourth special defense to count one, that his actions were privileged.[1]
A motion to strike may be used to contest the legal sufficiency of any special defense contained in an answer to a complaint. Practice Book § 10-39(a)(5). In ruling on the motion to strike, the trial court has the obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency. Connecticut National Bank v. Douglas,221 Conn. 530, 536 (1992).
The first special defense asserts that the defendant has a qualified governmental immunity that exempts him from liability. The plaintiff contends that this defense should be stricken because it is not applicable to the causes of action set forth in plaintiff's complaint. The court agrees that the defense of CT Page 15848 qualified immunity does not apply to the claims of willful and intentional wrongdoing alleged in the plaintiff's complaint and that it therefore should be stricken.
"The common law doctrines that determine the tort liability of municipal employees are well established. Although historically a municipality itself was generally immune from liability for its tortious acts at common law; municipal employees faced the same personal tort liability as private individuals. Over the years, however, the doctrine of governmental immunity has provided some exceptions to the general rule of tort liability for municipal employees. Generally, a municipal employee is liable for the misperformance of ministerial acts, but has a qualified immunity in the performance of governmental acts. Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. In contrast, ministerial refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." (Citations and internal quotation marks omitted.) Mulligan v. Rioux, 229 Conn. 716, 727
(1994).
The plaintiff in its complaint alleges that the defendant in his capacity as town planner falsely told the Connecticut Department of Transportation (DOT) that the plaintiff needed to submit a plan to the town and obtain a permit in order to accept concrete at its site and that as a result of this false communication the plaintiff lost a business opportunity and was defamed. The defendant asserts that the act of determining whether a plan or a permit was required was a discretionary act for which governmental immunity applies while the plaintiff contends that it was a ministerial act affording no immunity. It is not necessary to resolve this dispute because I find that, even if the act was discretionary, qualified governmental immunity does not apply to the acts alleged here because the plaintiff is claiming that the defendant acted with malice and with an intent to injure the plaintiff.
"The immunity from liability for the performance of discretionary acts by a municipal employee is subject to three exceptions or circumstances under which liability may attach even though the act was discretionary: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm; second, where a statute specifically provides for a cause CT Page 15849 of action against a municipality or municipal official for failure to enforce certain laws; . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." (Citations omitted.) Evon v. Andrews,211 Conn. 501, 505 (1989).
In count one of its complaint, the plaintiff alleges that the defendant knew that the information he conveyed to DOT was false and that he intentionally interfered with the future business expectations of the plaintiff. In count two, the plaintiff alleges that the defendant knowingly and maliciously conveyed false information to DOT. The plaintiff has not, in either count of the complaint, pled negligence on the part of the defendant and in its memorandum in support of its motion to strike has disavowed any claims of negligence. Rather, the plaintiff claims that the defendant acted with an intent to injure the plaintiff. If proven, the defendant would possess no qualified governmental immunity for such acts. Since the doctrine of governmental immunity does not apply to the acts of the defendant alleged by the plaintiff, the first special defense must be stricken.
The defendant has filed a third special defense to the count claiming defamation that states that "The statements, if any, whether oral or written, were privileged in that: (a) they were privileged as fair comment; (b) they were expressions of opinions; (c) they were privileged communications; and (d) they were conditionally privileged." The plaintiff has moved to strike this special defense on the grounds that it fails to state facts to support its claims.
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. "City v.Dana Investment Corporation, 249 Conn. 1, 17 (1999). See also Practice Book § 10-50. Practice Book § 10-1 provides that "Each pleading shall contain a plain and concise statement of the material facts on which the pleader relies. . . ." and Practice Book § 10-2 requires that "Acts and contracts may be stated according to their legal effect, but in so doing the pleading should be such as fairly to apprise the adverse party of the state of facts which it is intended to prove."
In this case, the defendant has not alleged any facts to support his various claims of privilege. Whether the publication of a particular statement is conditionally privileged depends CT Page 15850 upon the circumstances under which it was made. See Restatement (Second), Torts § 594. Since no factual circumstances are alleged in the special defense filed by the defendant, neither the plaintiff nor the court knows the precise nature of the privilege being claimed or the facts to support it. "The fundamental purpose of a special defense, like other pleadings, is to apprise the court and opposing counsel of the issues to be tried, so that basic issues are not concealed until the trial is underway."Bennett v. Automobile Ins. Co. of Hartford, 230 Conn. 795, 802
(1994).
A motion to strike admits all facts well pleaded; it does not admit legal conclusions. Mingachos v. CBS, Inc., 196 Conn. 91,108 (1985). "The adverse party has the right to have the facts appear so that the question whether they support the conclusion may be determined and that he may have an opportunity to deny them. A pleading defective in alleging a conclusion without facts to support it is demurrable." Smith v. Furness, 117 Conn. 97, 99
(1933). Because the third special defense is devoid of facts and alleges only legal conclusions, it must be stricken.
The defendant's fourth special defense to the first count of the complaint states "The plaintiff's interference with contract/expectancy claim is barred since the defendant's actions, at all relevant times, were privileged." The plaintiff asks that this special defense be stricken because it offers no facts to support the legal conclusion of privilege.
As with the third special defense, the defendant's fourth special defense fails to identify the nature of the privilege and offers no facts to support his claim of privilege. These deficiencies alone warrant the striking of the special defense. See Smith v. Furness, supra, 117 Conn. 97.
More fundamentally, the claim of privilege is not a special defense to the tort of interference with prospective contractual relation. The plaintiff has the burden of proving that the defendant intentionally and improperly interfered with the prospective contractual relation of the plaintiff. See Restatement (Second), Torts § 766B. See also Blake v. Levy,191 Conn. 257, 260 (1983). In Blake v. Levy, the Connecticut Supreme Court rejected the procedure that placed the burden on the defendant to plead and prove some justification or privilege as an affirmative defense in favor of "the better reasoned approach" that required "the plaintiff to plead and prove at least some CT Page 15851 improper motive or means." Id., 262. See also Restatement (Second), Torts § 767 and Introductory Note to Chapter 37.
For the foregoing reasons, the motion to strike the first, third and fourth special defenses of the defendant's answer is hereby granted.
BY THE COURT
Judge Jon M. Alander