[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff filed a four count complaint against the defendant Haynes Construction Company on April 24, 2000. In the first count of the complaint, the plaintiff alleges the defendant, in terminating the plaintiff's employment, breached an implied contract in that (1) it terminated her without just cause; (2) it acted arbitrarily and capriciously; (3) it failed to follow established company procedures and policies; and (4) it applied its company procedures and policies selectively. The second count of the complaint alleges that the defendant, in terminating the plaintiff, breached its covenant of good faith and fair dealing with the plaintiff in taking the aforementioned actions. The third count of the complaint alleges that the defendant's conduct, in terminating the plaintiff, was extreme and outrageous and as a result the plaintiff suffered severe emotional distress. The fourth count of the complaint alleges that the plaintiff was continually subjected to harassment and inappropriate conduct by the defendant's officer, Thomas Haynes, and this conduct was extreme and outrageous causing the plaintiff to suffer severe emotional distress.
The defendant has filed a motion to strike all four counts.
"The motion to strike . . . replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading." (Internal quotation marks omitted.) RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153
(1994). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998).
 I
The defendant moves to strike count one on the ground that the CT Page 13074 plaintiff's complaint does not sufficiently allege the existence of an implied contract between the parties. The Connecticut Supreme Court recognizes that "[a] 11 employer-employee relationships not governed by express contracts involve some type of implied contract of employment. There cannot be any serious dispute that there is a bargain of some kind; otherwise, the employee would not be working . . ." (Citations omitted; internal quotation marks omitted.) Gaudio v. Griffin HealthServices Corp., 249 Conn. 523, 532, 733 A.2d 197 (1999). "Typically, an implied contract of employment does not limit the terminability of an employee's employment but merely includes terms specifying wages, working hours, job responsibilities and the like. Thus, [a]s a general rule, contracts of permanent employment, or for an indefinite term, are terminable at will. . . ." (Citation omitted; internal quotation marks omitted.) Torosvan v. Eoehringer Ingelheim Pharmaceuticals, Tnc.,234 Conn. 1, 14, 662 A.2d 89 (1995). "Pursuant to traditional contract principles, however, the default rule of employment at will can be modified by the agreement of the parties." Id., 15. To sustain a cause of action based on the alleged "existence of an implied agreement between the parties, the plaintiff [has] the burden of proving . . . that [the defendant] had agreed, either by words or action or conduct to undertake some form of actual contract commitment to [her] under which [she] could not be terminated without just cause. . . ." (Citations omitted; internal quotation marks omitted.) Id. "A contract implied in fact, like an express contract, depends on actual agreement. (Citation omitted; internal quotation marks omitted.) Chotkowski v. State, 240 Conn. 246,268 n. 26, 690 A.2d 368 (1997).
In count one of her complaint, the plaintiff alleges that the defendant terminated the plaintiff without just cause and acted arbitrarily and capriciously. The plaintiff also refers to company policies and procedures" but fails to allege facts regarding the defendant's words or conduct to support her allegation of an implies agreement between the two parties. "Acts and contracts may be stated according to their legal effect, but in so doing the pleading should be such as fairly to apprise the adverse party of the state of facts which it is intended to prove." Practice Book §§ 10-2. "The adverse party has the right to have the facts appear so that the question whether they support the conclusion may be determined and that he may have an opportunity to deny them. . . . A pleading defective in alleging a conclusion without facts to support it is [subject to be stricken] . . . ." (Citations omitted.) Smith v. Furness,117 Conn. 97, 99, 166 A.2d 759 (1933). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v.BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). The plaintiff argues that the complaint discloses the "essentials of an alleged implied in fact contract" between the plaintiff and the defendant. The Court CT Page 13075 feels that count one of the plaintiff's complaint does not disclose the "essentials," alleging only legal conclusions, and that it should be stricken.
 II
The defendant moves to strike count two, which alleges a breach of the covenant of good faith and fair dealing, on the ground that the plaintiff fails to allege a violation of important public policy. The plaintiff argues that she need not allege a violation of public policy because of the existence of an implied contract between the two parties.
The Supreme Court is careful when interceding in an employer-employee relationship. "We are mindful that courts should not lightly intervene to impair the exercise of managerial discretion or to foment unwarranted litigation. We are, however, equally mindful that the myriad of employees without the bargaining power to command employment contracts for a definite term are entitled to a modicum of judicial protection when their conduct as good citizens is punished by their employers . . . (Citation omitted; internal quotation marks omitted.) Faulkner v. UnitedTechnologies, Corp., 240 Conn. 576, 589, 693 A.2d 293 (1997). The Supreme Court recognizes a cause of action for wrongful discharge in limited situations. "Traditionally, an employment contract of indefinite duration is terminable at the will of either party. Magnan v. AnacondaIndustries, Inc., [193 Conn. 558], 562-63, [479 A.2d 781 (1984)]. InSheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 475, 427 A.2d 385
(1980), our Supreme Court articulated a narrow exception to this rule when it recognized a cause of action in tort for a discharge "if the former employee can prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy.' (Emphasis in original.) In Magnan v. Anaconda Industries,Inc., supra, 572, our Supreme Court held that a plaintiff also has a cause of action for wrongful discharge in contract for violation of the implied covenant of good faith and fair dealing. That cause of action, however, is coterminous with, and extends no further than, a cause of action for wrongful discharge in tort. Id." Battista v. UnitedIlluminating Co., 10 Conn. App. 486, 495, 523 A.2d 1356 (1987), cert. denied, 204 Conn. 802, 525 A.2d 1352 (1987)
If the plaintiff had an implied contract with the defendant, she would be entitled to the protection of the covenant of good faith and fair dealing. "The implied covenant of good faith and fair dealing has been applied by this court in a variety of contractual relationships. . . ." (Citation omitted.) Magnan v. Anaconda Industries, Inc., supra,193 Conn. 566. In count two, however, the plaintiff again fails to allege the existence of an implied contract between the defendant and herself. CT Page 13076 Without a contract, the plaintiff can only seek such a remedy in tort and to do so must allege the violation of an important public policy. "[A]lthough we endorse the principle of good faith and fair dealing in employment contracts, the purpose of such an implied covenant is to fulfill the reasonable expectations of the parties. . . . Where an employment contract is clearly terminable at will, however, a party cannot ordinarily be deemed to lack good faith in exercising this right. . . . Thus, absent a showing that the discharge involves an impropriety which contravenes some important public policy, an employee may not challenge a dismissal based upon an implied covenant of good faith and fair dealing. . . ." (Citations omitted.) Carbone v. Atlantic Richfield,Co., 204 Conn. 460, 470, 528 A.2d 1137 (1987) Therefore, count two of the plaintiff's complaint is stricken because the plaintiff did not sufficiently allege a contractual relationship with the defendant and because the plaintiff failed to allege that the defendent violated an important public policy when it terminated the plaintiff's employment.
 III
The defendant moves to strike counts three and four on the grounds that the plaintiff fails, as a matter of law, to state facts sufficient to support her claim of intentional infliction of emotional distress.
"In order for the plaintiff to prevail in a case for liability under . . . [intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. . . ." (Brackets in original; citations omitted; internal quotation marks omitted.) Appleton v. Board ofEducation, 254 Conn. 205, 210, ___ A.2d ___ (2000).
As in counts one and two, the plaintiff relies on the same allegations regarding the defendant's actions to support her claim of intentional infliction of emotional distress: (1) the defendant terminated the plaintiff without just cause; (2) the defendant acted arbitrarily and capriciously; (3) the defendant failed to follow established company procedures and policies; and (4) the defendant applied its company procedures and policies selectively. In count four, the plaintiff further alleges that the defendant's officer, Thomas Haynes, continually subjected the plaintiff to harassment and inappropriate conduct throughout her employment, including her termination. Although the plaintiff alleges that the conduct of the defendant and its officer was extreme and outrageous, the plaintiff gives no factual allegations to CT Page 13077 support her conclusions. These unsupported legal conclusions are subject to a motion to strike. Novametrix Medical Systems, Inc. v. BOC Group,Inc., supra, 224 Conn. 215.
As a result, counts three and four are stricken.
NADEAU, J.