[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR ARTICULATION #128
On December 27, 1999, the plaintiffs, Roger and Rosemary Mulligan (plaintiffs) filed their second amended complaint in forty-six counts against the defendants, town of Middlebury, the board of selectmen, Edward St. John and Pete and Steve Contractors Engineers, Inc. Subsequently, on April 18, 2000, the town of Middlebury, the board of selectmen and Edward St. John (collectively, the municipal defendants) filed their answer and special defenses. On May 18, 2000, the plaintiffs filed a motion to strike the municipal defendants' four special defenses on the grounds that they consist solely of legal conclusions with no supporting factual allegations. Following this court's decision, on September 8, 2000, denying the plaintiffs' motion to strike, the plaintiffs filed a motion for articulation on September 22, 2000. The reasons for the denial of said motion to strike are articulated below.
 FACTUAL BACKGROUND
The plaintiffs allege the following facts in their second amended complaint. The plaintiffs own a house located at 79 Three Mile Hill Road in the defendant town of Middlebury, Connecticut. Pursuant to the town charter and state statutes, the town established the defendant board of selectmen. The defendant, Edward St. John, at all times relevant to the present action, acted as the First Selectman and the director of public works of the town of Middlebury. Three Mile Hill Road is located on a hill within the town of Middlebury. All of the property bordering Three Mile Hill Road drains into the road and, subsequently, into the town's storm drain system. The plaintiffs allege that the storm drain system is/was not capable of handling the large amounts of water which are produced by prolonged intense rain.
The plaintiffs further allege that the town and its officials, specifically the Board of Selectmen and St. John, hired the defendant, Pete Steve Contractors Engineers, Inc., to pave Three Mile Hill Road. The re-paving left only a six inch curb in front of the plaintiff's property. The plaintiffs allege that the town failed to use sufficient experts and failed to obtain the necessary permits for re-paving. During the re-paving project, the plaintiffs refused to allow the town or its employees to enter their property because of previous disturbances to their property. In the plaintiffs' absence, the town or its employees did enter their property to purportedly complete the grading, planting of grass and other work. The plaintiffs allege extensive damage to their home, land and personal well-being. CT Page 14325
 DISCUSSION
"[A] plaintiff can [move to strike] a special defense . . ." Nowak v.Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978); see also ConnecticutNational Bank v. Voog, 233 Conn. 352, 354-55, 659 A.2d 172 (1995); Girardv. Weiss, 43 Conn. App. 397, 417, 682 A.2d 1078, cert. denied,239 Conn. 946, 686 A.2d 121 (1996). "In . . . ruling on [a] . . . motion to strike, the trial court [is obligated] to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." ConnecticutNational Bank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992). "This includes the facts necessarily implied and fairly provable under the allegations." (Internal quotation marks omitted.) Westport Bank TrustCo. v. Corcoran, Mallin Aresco, 221 Conn. 490, 495, 605 A.2d 862
(1992). "[I]f facts provable under the allegations would support a defense . . . the . . . [motion to strike] must fail." (Internal quotation marks omitted.) Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989).
"The fundamental purpose of a special defense, like other pleadings, is to apprise the court and opposing counsel of the issues to be tried, so that basic issues are not concealed until the trial is underway." Bennettv. Automobile Ins. Co. of Hartford, 230 Conn. 795, 802, 646 A.2d 806
(1994). "As a general rule, facts must be pleaded as a special defense when they are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Id. "The adverse party has the right to have the facts appear so that the question whether they can support the conclusion may be determined and that he may have the opportunity to deny them." Smith v. Furness,117 Conn. 97, 99, 166 A. 759 (1933).
In their first special defense, the municipal defendants allege that the damage was not caused by themselves but by "the natural condition of plaintiffs' property and that of adjoining landowners; a swale that exists on plaintiffs' property in close proximity to their home that collects and retains run-off during periods of storms; an improper drainage system around plaintiffs' dwelling [and]; the failure of the plaintiffs to properly grade or re-grade their property to prevent the accumulation of water during storms." (Answer and Special Defenses to Amended Complaint, pp. 9-10). By providing several alternative causes of the alleged damage to the plaintiffs' property in their first special defense, the municipal defendants sufficiently apprise the plaintiffs and the court of the facts they intend to prove. Bennet v. Automobile Ins. Co. of Hartford, supra,230 Conn. 802. The defendants are under no obligation to plead the evidence that they will use to prove those facts. See Practice Book CT Page 14326 § 10-1 ("Each pleading shall contain a plain and concise statement of the material facts on which the pleader relies, but not of the evidence by which they are to be proved. . . .") Accordingly, the plaintiffs' motion to strike the first special defense is denied.
The second special defense alleges that the "damage that plaintiffs claim is an act of god or the force of nature which the Town of Middlebury, the Board of Selectmen and Edward St. John is incapable of controlling." (Answer and Special Defenses to Amended Complaint, p. 10). "The defensive plea of act of God, is not an uncommon one where the forces of nature have played a part in the destruction of man's possessions." Pleasure Beach Park Co. v. Bridgeport Dredge Dock,116 Conn. 496, 502, 165 A. 691 (1933). "In order to exonerate the defendant, the act of God must be the sole cause of the damage." Martinv. Lotz, 126 Conn. 529, 534, 12 A.2d 772 (1940). Similar to the first special defense, the municipal defendants' second special defense sufficiently alleges an alternative cause of the plaintiffs' alleged damages. Plaintiffs' motion to strike the second special defense is denied.
The third special defense alleges that the "Town of Middlebury is governmentally immune from claims of negligence in the performance of a governmental function." (Answer and Special Defenses to Amended Complaint, p. 10). "[G]overnmental immunity must be raised as a special defense in the defendant's pleadings." Westport Taxi Service v. WestportTransit District, 235 Conn. 1, 24, 664 A.2d 719 (1995). Accordingly, the municipal defendants were justified in raising the defense of governmental immunity in their third special defense. Because the facts alleged support a defense of governmental immunity, the plaintiffs' motion to strike the third special defense is denied. ConnecticutNational Bank v. Douglas, supra, 221 Conn. 536.
Finally, the fourth special defense alleges that the "action and conduct of the defendants, to the extent they occurred as alleged, were undertaken in the good faith performance of their official duties, without malice and were therefore privileged under applicable state law." (Answer and Special Defenses to Amended Complaint, p. 10). "The immunity from liability for the performance of discretionary acts by a municipal employee is subject to three exceptions or circumstances under which liability may attach even though the act was discretionary: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm; . . . second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws; . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." CT Page 14327 (Citations omitted.) Evon v. Andrews, 211 Conn. 501, 505, 559 A.2d 1131
(1989). The municipal defendants have sufficiently apprised the court and the plaintiffs of the fact that they enjoyed a privilege under state law when they performed their official duties in good faith as it related to the plaintiffs' property. Accordingly, plaintiffs' motion to strike the municipal defendants' fourth special defense is denied.
 CONCLUSION
For the foregoing reasons, the plaintiffs' motion to strike the defendants' four special defenses is denied.
SO ORDERED.
By the Court,
Peter Emmett Wiese, Judge