[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Gary Alender and GDA, Inc., allege the following facts in their revised complaint against the defendant, Getty Petroleum Marketing, Inc. On December 22, 1992 the plaintiffs entered into a retail gasoline station lease agreement and a lessee supply contract (the agreements) with the defendant's predecessor, Getty Petroleum Corp. The agreements were for a term of three years and concerned the premises located at 774 Farmington Avenue, Bristol, Connecticut (the premises). Upon expiration of the agreements, the plaintiffs continued to lease the premises on a month to month basis. On April 30, 1996 the parties agreed in writing to amend and renew the original agreements for the period September 19, 1996 to September 18, 1999.
On June 24, 1999 the defendant offered to amend and renew the agreements for the period October 1, 1999 through September 30, 2002 (the proposed agreements). The proposed agreements were substantially different CT Page 7991 from the original and amended agreements in that rent was increased, commissions were decreased and a credit program benefitting the plaintiffs was discontinued. The plaintiffs attempted to negotiate more favorable terms for the proposed agreements, but the defendant refused. After terminating the agreements with the plaintiffs, the defendant continued to operate a gas station at the premises under terms substantially different from those offered to the plaintiffs in the proposed agreements.
The plaintiffs allege that the original agreements, as amended in 1996, created a franchise pursuant to the federal Petroleum Marketing Practices Act, 15 U.S.C. § 2801-2806, and its state counterpart, General Statutes §§ 42-133j through 42-133n, as well as a franchise under the state's general franchise law, General Statutes §§ 42-133e
through 42-133h. They allege that the changes in the proposed agreements and the defendant's refusal to negotiate the terms of the proposed agreements constituted a unilateral failure to renew the franchise in contravention of all of those statutes. They further allege that the changes in the proposed agreements were not made in the normal course of business or in good faith and were made for the purpose of converting the premises for the benefit of the defendant. The plaintiffs allege they suffered loss of good will and substantial costs and expenses.
The defendant has moved to strike both counts of the complaint.
 STANDARD OF REVIEW
"Whenever any party wishes to contest . . . the legal sufficiency of the allegations of any complaint . . . or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). The court must "take the facts to be those alleged in the complaint . . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia,253 Conn. 516, 522-23, 753 A.2d 927 (2000).
"[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Citations omitted; internal quotation marks omitted.) Doe v. Yale University,252 Conn. 641, 667, 748 A.2d 834 (2000). To maintain CT Page 7992 their claim, the plaintiffs must plead "with particularity to allow evaluation of the legal theory upon which the claim is based." (Internal quotation marks omitted.) S.M.S. Textile Mills, Inc. v. Brown, Jacobson,Tillinghast, Lahan and King, P.C., 32 Conn. App. 786, 797, 631 A.2d 340, cert. denied, 228 Conn. 903, 634 A.2d 296 (1993). "The adverse party has the right to have the facts appear so that the question whether they support the conclusion may be determined and that he may have an opportunity to deny them." Smith v. Furness, 117 Conn. 97, 99, 166 A. 759
(1933); Connecticut Water Co. v. Thomaston, Superior Court, judicial district of Hartford at Hartford, Docket No. 535590 (April 24, 1997,Corradino, J.). The plaintiff is not required to plead the evidence that it will use to prove those facts. See Practice Book § 10-1.
"A motion to strike . . . does not admit legal conclusions or the truthor accuracy of opinions stated in the pleadings." (Emphasis in original; internal quotation marks omitted.) Faulkner v. United TechnologiesCorp., 240 Conn. 576, 588, 693 A.2d 293 (1997). "[A]n allegation presents [more than] a mere legal conclusion [if] it sets forth an indication of the subordinate issues that will be involved at trial. See ConnecticutWater Co. v. Thomaston, Superior Court, judicial district of Hartford at Hartford, Docket No. 535590 (April 24, 1997, Corradino, J.)." (Internal quotation marks omitted.) Currie v. Aetna Casualty Surety Co., Superior Court, judicial district of Hartford, Docket No. 558900 (August 12, 1999, Mulcahy, J.).
 DISCUSSION I
The defendant moves to strike count one on the ground that the statutes cited by the plaintiffs do not apply to the relationship between the parties to the present action.
Section 42-133k(1) defines "franchise as any contract (A) between a refiner and a distributor; (B) between a refiner and a retailer; (C) between a distributor and another distributor; or (D) between a distributor and a retailer, under which a refiner or distributor, as the case may be, authorizes or permits a retailer or distributor to use, in connection with the sale, consignment, or distribution of motor fuel, a trademark which is owned or controlled by such refiner or by a refiner which supplies motor fuel to the distributor which authorizes or permits such use." The definition of "franchise" under the federal statutes is identical. See 15 U.S.C. § 2801(1)(A).
The defendant contends that the plaintiffs have not alleged facts to establish a relationship of the type contemplated by the statutes. CT Page 7993 Specifically, the defendant argues that the plaintiffs have not alleged that the defendant is either a refiner or a distributor operating under a trademark owned or controlled by a refiner that supplied the defendant with petroleum. The defendant further argues that precedent has established that the defendant's relationships with retailers, such as the plaintiffs, are not franchises under the federal and state statutes.
The plaintiffs argue, to the contrary, that they have plead sufficient facts to allege a violation of the statutes and that the defendant's arguments ask the court to make determinations that are not within the scope of a motion to strike. The plaintiffs further argue that the cases cited by the defendant are not determinative of the factual situation between the parties in the present case.
The plaintiffs allege they had a written retail gasoline station lease agreement and lessee supply contract with the defendant; (see Complaint, count one, ¶ 1); and that the agreements constituted a franchise under §§ 42-133e through 42-133g and § 42-133j; (see Complaint, count one, ¶ 5); and 15 U.S.C. § 2801-2806. (See Complaint, count one, ¶ 6.) They describe the alleged misconduct of the defendant; (see Complaint, count one, ¶¶ 4, 7, 8);and allege that the defendant's conduct violated §§ 42-133j through 42-133m. (See Complaint, count one, ¶ 9.)
The plaintiffs' allegations, though they do not specifically state that the defendant was a refiner or distributor selling fuel under the trademark of a refiner that supplies the motor fuel, describe the alleged misconduct and the statutes they claim were violated. The allegations allow the defendant to evaluate the legal theory upon which the claim is based; see S.M.S. Textile Mills, Inc. v. Brown, Jacobson, Tillinghast,Lahan and King, P.C., supra, 32 Conn. App. 797; and give the defendant sufficient opportunity to deny the allegations. See Smith v. Furness, supra, 117 Conn. 99; Connecticut Water Co. v. Thomaston, supra, Superior Court, Docket No. 535590. Accordingly, the court finds that the plaintiffs have sufficiently alleged a violation of the statutes in question to overcome a motion to strike.
The plaintiffs, in alleging that the agreements constituted a franchise, alleged what Professor Stephenson, the preeminent authority on Connecticut civil procedure, would have recognized as a "conclusion of fact". E. Stephenson, Connecticut Civil Procedure (3d Ed. 1997) § 42, p. 132. Reviewing cases in which various allegations were tested to determine whether they were "of fact" or "of law", he set forth general principles for the adequacy of a complaint in this regard. It must make the defendant and the court "generally aware of the nature of the wrong with which the defendant is charged" and set "reasonable limits to the CT Page 7994 subordinate issues which can be raised and the evidence which will be material". Id., 134. ". . . (T)he essential requirement of the complaint is that it show not only the legal theory on which the complaint is based but the general outline, at least, of the facts and circumstances involved." Id., 135. The complaint here meets those tests.
The defendant also argues that precedent has established that its relationships with retailers are not franchises under the federal and state statutes. The defendant asks the court to apply the findings ofMerlino v. Getty Petroleum Corp., 716 F. Sup. 773 (S.D.N.Y. 1989), aff'd, 916 F.2d 52 (2nd Cir. 1990), E.Z. Save, Inc. v. Getty PetroleumMarketing, Inc., U.S. District Court, Eastern District of New York, Docket No. 98-3439 (May 29, 1998, Sifton, J.), and Getty Petroleum Marketing,Inc. v. Ahmad, 253 Conn. 806, 757 A.2d 494 (2000), to the present case. The defendant is correct that in each of those cases the court determined that the agreements between Getty and the retailer did not fit within the definition of a "franchise." In those cases, however, the courts relied on their factual findings to make such determinations.
For example, in Getty Petroleum Marketing, Inc. v. Ahmad, a summary process action, based on the evidence adduced at trial, Id., 809, the court examined the nature of the business relationship between Getty and the store owner. See Getty Petroleum Marketing, Inc. v. Ahmad, supra,253 Conn. 813-18. In Merlino v. Getty Petroleum Corp., the court granted a motion to dismiss based on undisputed facts of Getty's business organization regarding the ownership of refineries and trademarks, as established in an affidavit submitted by Getty's senior vice president and chief operating officer. See Merlino v. Getty Petroleum Corp., supra, 716 F. Sup. 773, 775. The court in E.Z. Save, Inc. v. GettyPetroleum Corp., relied on Merlino to deny a store owner's application for a preliminary injunction. That case, too, was based on a factual finding, supported by affidavits submitted by Getty, that "nothing relevant [had] changed in eight years since Merlino. . . ." E.Z. Save,Inc. v. Getty Petroleum Corp., supra, U.S. District Court, Docket No. 98-3439, p. 9.
The present matter is before this court on a motion to strike. Such factual findings as were made by the courts in the cases cited by the defendant are beyond the scope of a motion to strike. The defendant's argument would require the court to look beyond the pleadings and is more appropriate for a motion for summary judgment. "A `speaking' motion to strike (one imparting facts outside the pleadings) will not be granted."Doe v. Marselle, 38 Conn. App. 360, 364, 660 A.2d 871 (1995), reversed on other grounds, 236 Conn. 845, 675 A.2d 835 (1996). Accordingly, the defendant's motion to strike count one is denied. CT Page 7995
 II
The defendant argues that count two is insufficient in that it alleges a mere legal conclusion, which is insufficient to support a CUTPA violation.
Section 42-110b (a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." "In determining when a practice is unfair, [the Supreme Court has] adopted the criteria set out in the `cigarette rule' by the federal trade commission: . . . (1) [W]hether the practice . . . offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]." (Internal quotation marks omitted.) A-G Foods, Inc. v. Pepperidge Farm, Inc.,216 Conn. 200, 215, 579 A.2d 69 (1990). "A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Internal quotation marks omitted.)Hartford Electric Supply Co. v. Allen-Bradley Co., 250 Conn. 334, 368,736 A.2d 824 (1999).
The plaintiffs allege that the defendant's actions "unilaterally terminating the franchise constitute an unfair trade practice in violation of [§] 42-110, et seq." (Complaint, count two, ¶ 14.) Such a statement, standing alone, would constitute a mere legal conclusion subject to a motion to strike. The plaintiffs, however, incorporate into count two the allegations of count one, which specify the defendant's actions and the statutes that the plaintiffs allege were violated. Examining the plaintiffs' allegations in a light most favorable to sustaining the complaint, the court finds that the plaintiffs sufficiently alleged a violation of public policy as set forth by statute such that the first prong of the cigarette rule has been met. Additionally, the plaintiffs allege that the proposed agreements "were not made in the normal course of business, nor in good faith, and/or were for the purposes of converting the premises to operation by employees or agents" of the defendant. (Complaint, count two, ¶ 11.) Read as a whole, the plaintiffs' allegations sufficiently allege "immoral, unethical, oppressive or unscrupulous" conduct on the part of the defendant, such that the second prong of the cigarette rule has been met. See A-G Foods, Inc. v. Pepperidge Farm, Inc., supra, 216 Conn. 215. Accordingly, the defendant's motion to strike count two is denied.
 CONCLUSION
CT Page 7996
The plaintiffs' case may fall prey to a properly supported motion for summary judgment. The court expresses no opinion on that. As a matter of pleading, however, the case is sufficiently brought.
The defendant's motion to strike counts one and two is denied as both counts contain sufficient factual allegations to support their claims.
BY THE COURT
SHORTALL, J.